## MILBURN *v.* GLYNN COUNTY.

Under the law now embraced in section 343 of the Political Code, and in view of the construction placed upon the provisions of section 527 of the Code of 1868 by this court in *Pritchett* v. *Inferior Court*, 46 *Ga.* 462, relating to the same subject-matter, a petition in an action against a county, founded upon an alleged contract, is not good unless it affirmatively avers that such contract was entered upon the minutes of the proper authorities in charge of the financial affairs of the county.

Argued November 11, — Decided December 9, 1899.

Complaint. Before Judge Atkinson. City court of Brunswick. July 6, 1899.

*William E. Kay*, for plaintiff.
*F. E. Twitty* and *J. D. Sparks*, for defendant.

LEWIS, J. Plaintiff brought suit against Glynn County on a written contract made September 12, 1897, between himself and the commissioners of roads and revenues of that county. By virtue of the terms of this agreement, he was employed as an architect to make plans and specifications for a court-house for the county, and to supervise the construction of the building, for which he was to be paid a certain percentage of the cost of its erection. It appears from the petition that the terms of this contract were practically agreed upon by parol between the parties in February, 1897 ; and before the written contract was entered into, plans and specifications of a building had been made by the plaintiff, accepted by the commissioners for the county, and he had received a cash payment of $500.00. The petition alleges that the plaintiff fully complied with the contract as to his part thereof, except in so far as he was prevented from so doing by the failure of defendant to proceed with the work in accordance with the terms of the contract. The commissioners, after bids by contractors were made for an

amount within the limits fixed by the contract and according to its terms, decided not to build a court-house, but bought for this purpose another building already constructed.   For this reason plaintiff did not render the service of supervising the construction of the court-house building.   A demurrer was filed by defendant to this petition, and plaintiff in error excepts to the judgment of the court sustaining this demurrer and dismissing the action.   One ground of the demurrer is, that the petition does not show the alleged contract sued on was recorded on the minutes of the board of commissioners of roads and revenues, or that any action of said board authorizing said contract was entered or recorded on the minutes of said board of commissioners.   There is no question that the petition does not contain any allegation from which it can be even inferred that the contract sued on in this case was entered upon the minutes of the board of county commissioners.   It is contended, however, by counsel for plaintiff in error, that the entries on the minutes set forth in the petition, relative to the construction of a court-house, were a substantial compliance with section 343 of the Political Code, which declares:   "All contracts entered into by the ordinary with other persons in behalf of the county must be in writing and entered on their minutes."   The petition alleges that on the 2d day of February, 1897, a resolution was adopted by the commissioners authorizing the chairman of the board to invite plans, specifications, etc., from competent architects of court-house buildings, to be submitted to the board for its inspection and information, and that this action was entered upon the minutes of the board.   It further alleges that on the 1st day of June, 1897, the board adopted a resolution to the effect that the notice inviting sealed proposals for the erection of a court-house in the county be published as required by law, the notice specifying that the commissioners invited sealed proposals for the erection and completion of a new court-house building, agreeably to the plans and specifications prepared by Frank P. Milburn, architect, of Charlotte, N. C., which were of file in the office of said commissioners, and open to the inspection of all during the continuance of the notice.   It further specified in the notice that the work was to be done under the supervision

of the county architect, and payments made in accordance with his specifications. This resolution of the board was likewise entered on its minutes. It further appears from the petition that the cash payment of $500.00 was allowed by the board on September 7, 1897, and entered upon its minutes of that date. These are all the entries on the minutes insisted on by petitioner, as conforming to the section of the code above cited. We can see nothing in them that even indicates an effort on the part of these county officials to comply with the statute which, in plain language, requires that the written contract must be entered on the minutes. There is no allusion whatever to any *contract* made between the plaintiff and defendant, in any of these entries. No reference is made as to the terms of this contract, the amount to be paid the architect, the terms and conditions of the payment, the service he was to render, etc. The written contract sued on in this case is quite a lengthy one, and goes into minute details as to the duties of the contracting parties, and as to the services to be rendered by the plaintiff, the amount to be paid, the terms and conditions of payment, etc. There is not on the minutes even a memorandum relating to any of these terms and stipulations.

The object of the law requiring an entry of such contracts upon the minutes is to give information, easily accessible to the public, as to the character of contracts being made by county authorities. The entries referred to could not possibly have given such information, not only for the reasons above stated, but for the reason that they were made before the written contract sued on in this case was executed. A party examining those entries on the minutes at the time or directly after they were made, even if they had led him to inquire into the nature of the contract with the architect, would have discovered that no such contract was in existence; the parol agreement that may have been had between the parties being a mere nullity, as the statute requires the contract to be in writing. We therefore conclude that there was an utter failure to comply with the provisions of the statute requiring the record of such contracts.

The only question left for consideration, therefore, is whether

or not this omission to enter of record this contract renders the same absolutely void, and prevents a recovery thereon by the plaintiff. If it were an original proposition before this court, the writer, speaking for himself alone would not be prepared to say that such an omission of duty upon the part of county authorities in failing to comply with the statute requiring the record of a contract made with the county would operate to render the contract absolutely void. A distinction should be drawn between the exercise of powers by municipal or county authorities that are ultra vires, and the omission of such officers to conform strictly to the law touching the execution of a contract they clearly have power to make. In this case the duty imposed by the law to enter the contract upon the minutes devolves upon the county officials themselves. The party contracting with the county has no custody or control over its minutes, and after making his contract in accordance with law, and complying strictly with its terms, it would indeed seem a hard rule that he should be deprived of his compensation, simply because of an omission of duty on the part of a county official. I am inclined to think that a safer rule to adopt in the adjudication of such a case would be to construe the failure to comply with such a provision of the law a mere irregularity, especially as to persons who have acted in good faith; and, from the limited investigation made on the subject, think that the weight of authority sustains this view. In 2 Dillon's Municipal Corporations (3rd ed.), 936, the proposition is announced that "A municipal corporation, as against persons who have dealt with it in good faith and parted with value for its benefit, can not set up mere irregularities in the exercise of power conferred." Among the irregularities referred to by the author is given, as an instance, a failure to make publication in the newspapers of a resolution involving the expenditure of moneys; and he declares, "as respects a bona fide contractor with the city who had expended money for its benefit, in respect of a matter within the scope of its general powers, the contract would not be ultra vires in the proper sense of that term; and the city would be estopped to set up as a defense its own irregularities in the exercise of a power clearly granted to

it." Among the number of authorities cited in the text is that of the case of Moore v. Mayor etc. of New York, 73 N. Y. 238, where Allen, J., draws the distinction between a total want of power and mere irregularities in the exercise of powers conferred. See also 7 Am. & Eng. Enc. L. (2d ed.) 984-5, where it is stated that the statutes requiring the record of certain proceedings by a municipality have been held to be directory merely, and not to have the effect of rendering invalid an ordinance properly passed and not recorded. See also a number of authorities cited in the text.

But the question involved in this case is not an open one before this court. In *Pritchett* v. *Inferior Court*, 46 *Ga.* 462, it appears that a suit was brought against a county on a bond given, after the adoption of the code, by the justices of the inferior court. It was there held that the pleadings must show affirmatively that the contract was entered upon the minutes of the inferior court, and that the contract would not be valid under section 527 of the code, if good in other respects. Section 527 of the Code of 1868, referred to in that decision, is in the exact language of section 343 of the present Political Code, except that the word ordinary is substituted for justices of the inferior court. The decision in the case of *Akin* v. *Ordinary of Bartow County*, 54 *Ga.* 59, does not indicate any modification of this rule laid down in the *Pritchett* case above cited. On the contrary, it is expressly declared that contracts with the county must be in writing and entered on the minutes of the court of ordinary; and it will be seen in the opinion, on page 69, that the principle decided in the 46th *Ga.* was adhered to and reaffirmed. In that case it was held that there had been a compliance with the 493d section of the code. That was an action brought on certain bonds of the county. It appears that the inferior court of Bartow County had authority to issue the bonds, and that they were issued in pursuance of an order so directing, which was entered upon the minutes of that court. They were delivered to the plaintiff, who paid to the county the money therefor, which was received and appropriated to its use. It was held that this was a compliance with section 493 of the code, and that those bonds were valid obligations of the

county. The difference between that case and this is, that the record as to these bonds referred to and practically embodied the contract sued upon, while in this case there was an absolute lack of any compliance, or effort to comply, with this statute. It will be noted in that case that the county actually received and got the benefit of the money paid on the bonds, while in the present case no such additional equity is presented in favor of the plaintiff's claim, the county failing to receive any benefit from his services. The right of equitable relief for the recovery of money actually paid to a county, and, after being so paid, legitimately used by it in defraying expenses which were a proper charge upon the treasury, has been held by the courts as an estoppel against the plea on the part of a county that the money was illegally borrowed. This additional equity does not exist in this case, for the reason that the county abandoned its contract before deriving any benefit from the services rendered.     *Judgment affirmed.     All the Justices concurring.*