## 1959.  LAURENS COUNTY *v.* THOMAS.

"All the material terms of a contract entered into in behalf of a county by the county authorities having jurisdiction over county matters must be in writing and entered on their minutes." The statutes of this State do not create any such office as county physician, nor prescribe the duties of any such officer; therefore a simple memorandum on the minutes of the county commissioners, that a designated person was elected county physician at a named salary for a stated period, does not evidence such a contract on behalf of the county as will authorize suit thereon against the county.

Complaint, from city court of Dublin—Judge Hawkins.  April 24, 1909.

Submitted July 19,—Decided July 31, 1909.

*Blackshear & Flynt,* for plaintiff in error.

*Davis & Hightower,* contra.

POWELL, J.  L. J. Thomas sued Laurens County for $100 as his salary as county physician for the months of January and February, 1909.  He alleged that his contract with the county was in writing and entered on the minutes of the board of county commissioners, being contained in the following entry, which appeared as a part of the proceedings of the October, 1908, session of the board: "It being the month to elect the different officers for another year, 1909, the same salary to be used as follows:  M. H. Blackshear, county attorney, $100 per annum; L. J. Thomas, county physician, $50 per month.—[Signed] Wm. C. Solomon, secretary; E. R. Orr, chairman."  The county demurred to the petition, on the ground that it did not set out a cause of action or show a valid contract with the county.

In this State all contracts made by county authorities on behalf of the county must be in writing and entered on the minutes.  Political Code of 1895, §343.  Construing this section of the code, the Supreme Court, in the case of *Spalding County* v. *Chamberlin,* 130 *Ga.* 649 (61 S. E. 533), said:  "All the material terms of a contract entered into in behalf of a county by the county authorities

having jurisdiction over county matters must be in writing and entered on their minutes." If, under the statutes of this State, there were such an office as county physician, with duties fixed and prescribed by law or otherwise indicated with reasonable certainty, then an entry upon the minutes of the county authorities that a designated person had been elected to that office at a named salary for a stated period would probably be sufficient compliance with the law. But there is no such office as county physician recognized by statute. While county authorities may legally employ a physician, in connection with the management of its chaingang, or pauper farm, or other matters legitimately within the jurisdiction of the board, and may designate that employee as county physician, yet it would be necessary, in order to make the contract a legal one, that the duties to be performed under this contract of employment be specified with reasonable certainty. The duties of the employment being a material term of the contract, the minutes must in some definite way disclose the nature of them, before the contract is a valid obligation of the county. From what has been said it follows that the judge erred in overruling the demurrer to the petition.                    *Judgment reversed.*