### 10960.   GARNER *v.* FLOYD COUNTY.

*All* contracts made by county authorities on behalf of the county must be in writing and entered on their minutes. Civil Code (1910), § 386; *Pritchett* v. *Bartow County,* 46 *Ga.* 462; *Akin* v. *Bartow County,* 54 *Ga.* 59; *Milburn* v. *Glynn County,* 109 *Ga.* 473 (34 S. E. 848); *Spalding County* v. *Chamberlain,* 130 *Ga.* 649 (61 S. E. 533); *Jones* v. *Bank,* 131 *Ga.* 191 (62 S. E. 68); *Laurens County* v. *Thomas,* 6 *Ga App.* 568 (65 S. E. 302).

DECIDED JANUARY 27, 1920.

Complaint; from Floyd superior court—Judge Wright. August 1, 1919.

*M. B. Eubanks,* for plaintiff.

*Denny & Wright,* for defendant.

BROYLES, C. J. The plaintiff in this case was employed as a "concrete foreman" on behalf of Floyd County by the superintendent of public works, who had general written authority, duly entered upon the minutes, from the board of roads and revenues of the county to employ men for the building and repairing of the public roads and bridges of the county. The plaintiff, to meet a demurrer interposed by the county, amended his original petition by alleging "that the contract of employment therein set forth was entered upon the minutes of the commissioners of roads and revenues of said county." Upon the trial of the case it appeared that the specific contract with the plaintiff was not in writing and had never been entered upon the minutes of the board of roads and revenues of Floyd County. Under the ruling stated in the headnote, and the authorities there cited, the court, sitting by consent without the intervention of a jury, did not err in rendering judgment in favor of the defendant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*