## WILLIAMS, administratrix, *v.* SUMTER COUNTY.

GILBERT, J.   1.   A resolution which the commissioners of roads and revenues of Sumter County regularly passed for the purpose of borrowing money to make a temporary loan to supply casual deficiencies, and which recites the existence of such a deficiency, is not to be regarded as a judgment of a court of general and exclusive jurisdiction, such as would prevent its being collaterally attacked in a suit brought by the county against the county treasurer to recover commissions taken by him on such loan.   The board of commissioners of roads and revenues are invested by law with the same duties imposed upon the ordinary (Civil Code (1910), § 4798) in counties. where no such board of county commissioners is provided, with one exception, to wit, that of "supplying by appointment all vacancies in county offices and in ordering elections to fill them."   Act of the General Assembly approved Dec. 13, 1871 (Acts 1871-1872, p. 225, sec. 4).   Prior to the constitution of 1868 these powers and duties belonged to the inferior court.   *Matthews* v. *Browning*, 41 *Ga.* 222.   The inferior court, in performing such duties as borrowing money for county purposes, was not a court of general jurisdiction.   Nor is the ordinary or the board of county commissioners performing the same duty a court of general jurisdiction.   *Cox* v. *Board of Commissioners of Whitfield County*, 65 *Ga.* 741.   Compare *Davis* v. *Lumpkin*, 106 *Ga.* 582, 584 (32 S. E. 626).

2. It follows from what is said in the preceding headnote that it is immaterial whether the resolution recites the facts which give rise to such casual deficiency, or fails to recite such facts.   In either case the county would not be estopped as between itself and the county treasurer from showing that such casual deficiency did not exist.

*All the Justices concur.*

No. 2190.   APRIL 14, 1921.

The Court of Appeals certified (in Case No. 11059) certain questions to which the rulings in the foregoing headnotes are answers.

*Hixon & Pace,* for plaintiff. *R. L. Maynard,* for defendant.