## 12847.　CAROLINA METAL PRODUCTS COMPANY *v.* TALIAFERRO COUNTY.

All contracts by county authorities in behalf of the county must be in writing and entered on their minutes. No such contract, so entered, being shown by the allegations of the plaintiff's petition, by which it was sought to recover upon an account for culvert materials and dump carts alleged to have been received by the defendant county, used by it, and partially paid for, the court did not err in dismissing the action, on demurrer.

DECIDED JANUARY 17, 1922.

Complaint; from Taliaferro superior court — Judge Shurley. August 24, 1921.

*J. A. Beazley,* for plaintiff. *Hawes Cloud,* for defendant.

LUKE, J. Carolina Metal Products Company sued Taliaferro County, alleging: that the account sued upon was transferred and assigned by Good Road Supply Company to the plaintiff; that the county was indebted to it upon said account for culvert materials

and dump carts; that the said materials and dump carts were such as are suitable and commonly used for the construction and maintenance of public roads of the county; that the said materials and implements were received by the county, used by it, and partially paid for; that within the time required by law the said claim was presented to the proper authorities of the county for audit and payment, and payment was refused. The defendant demurred, upon the ground that it was not alleged in the petition that there was any contract between the defendant and the plaintiff, or between the defendant and the plaintiff's assignor, and upon the further ground that it was not alleged that the plaintiff or the plaintiff's assignor had entered into a contract with the defendant, or that such contract was entered upon the minutes of the proper authorities in charge of the financial affairs of the county. The defendant further demurred upon the ground that the petition did not show what part of the material was used by the defendant, nor what part was not used, and upon the further ground that the petition did not show what particular material was paid for by the defendant, and what quantity or portion of such material had not been paid for by the county, and because it is not shown that any of the material used was not paid for by the county. The court sustained the demurrer and dismissed the suit, and the plaintiff excepted.

It was not error to sustain the demurrer. As was held in *Garner* v. *Floyd County,* 24 *Ga. App.* 693 (101 S. E. 918), and as is provided by the Civil Code (1910), § 386, all contracts entered into by the county must be in writing and entered on the minutes of the authorities in charge of the financial affairs of the county. The petition in this case fails to allege a contract of any kind with the county. Counties are liable only when made so by statute. The statute is positive as to how and in what way liability of a county may be fixed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*