## 20489.  MURRAY COUNTY *et al. v.* PICKERING.

BELL, J.  1. Under the provisions of section 386 of the Civil Code, all contracts made by county authorities "in behalf of the county must be in writing and entered on their minutes." *Laurens County* v. *Thomas,* 6 *Ga. App.* 568 (65 S. E. 302); *Spalding County* v. *Chamberlin,* 130 *Ga.* 649 (61 S. E. 533); *Wagener* v. *Forsyth County,* 135 *Ga.* 162 (68 S. E. 1115); *Milburn* v. *Glynn County,* 109 *Ga.* 473 (34 S. E. 848). A mere oral agreement is unenforceable even though it be embodied or recited in a resolution adopted by the county commissioners and entered on the minutes. Thus, a resolution that a named attorney "is hereby employed" to represent the county in a certain cause, upon terms and conditions therein stipulated, is insufficient, without more, to constitute a binding contract between the county and such attorney, although the resolution is entered upon the minutes and the attorney signifies his acceptance of the employment by tendering performance. *Jones* v. *Bank of Cumming,* 131 *Ga.* 191, 615 (62 S. E. 68, 63 S. E. 36); *Holliday* v. *Jackson County,* 121 *Ga.* 310 (48 S. E. 947).

2. A suit filed by an attorney in behalf of a county and thereafter sought to be dismissed by the county authorities can not be controlled and prosecuted by such attorney merely for the purpose of recovering of the defendant fees to which the attorney claims to be entitled by virtue of a contract between himself and the county authorities, when, as appears from the petition, such contract is unenforceable because it was not in writing and entered upon the minutes as required by law.

3. Upon application of the above principles to the facts of this case, the court did not err in sustaining the general demurrer and dismissing the petition as amended.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 18, 1931.

*J. M. Lang, T. H. Lang,* for plaintiffs.
*H. H. Anderson, W. B. Robinson,* for defendant.