## MINTER *v.* EARLY COUNTY.

HUTCHESON, Justice. 1. It not appearing from the allegations of the cross-bill that the plaintiff, Early County, has adopted the county manager form of government as provided in the act of 1922 (Ga. Laws, 1922, p. 82 et seq.), which act provides for the office of county superintendent of roads and prescribes the duties thereunder, and as the statutes of the State do not otherwise create any such office or prescribe the duties of such officer, the allegations of the cross-bill that the defendant was employed as superintendent of roads, at a named salary and for a specified period, do not evidence such a contract on the part of the county as will authorize a suit against the county. *Laurens County* v. *Thomas*, 6 *Ga. App.* 568 (65 S. E. 302); *Spalding County* v. *Chamberlin*, 130 *Ga.* 649 (61 S. E. 533).

2. The Prison Commission of Georgia has exclusive power, under the law, to appoint and remove wardens. Code of 1933, §§ 77-307, 77-312; *Humber* v. *Dixon*, 147 *Ga.* 480 (94 S. E. 65). And even assuming that the county has implied authority to employ a county warden, if the contract of employment fail to set out the duties to be performed thereunder, such contract will not authorize a suit thereon against the county. *Laurens County v. Thomas*, supra.

3. Under these rulings, the trial judge did not err in sustaining the demurrer to the cross-bill. Inasmuch as the answer contains no set-off, or prayer for relief in the nature of a cross-action, the court did not err in allowing the dismissal of the plaintiff's petition. *Winter Inc.* v. *Peoples Bank*, 166 *Ga.* 385(3) (143 S. E. 387).

*Judgment affirmed. All the Justices concur.*

No. 11166. FEBRUARY 20, 1936.

*W. I. Geer,* and *F. A. Hooper,* for plaintiff in error.

*A. H. Gray,* contra.