GRAHAM *et al.,* commissioners, *v.* BEACHAM.

No. 13064.   November 17, 1939.

*Carl K. Nelson* and *Nelson & Nelson,* for plaintiffs in error.
*R. I. Stephens,* contra.

DUCKWORTH, Justice. L. D. Beacham brought suit against J. F. Graham, R. M. Lord and L. O. Beacham Jr., as commissioners of roads and revenues of Laurens County, alleging that in January, 1937, he was appointed and commissioned deputy warden of Lau-

rens County convicts for the year 1937, by the Prison Commission of Georgia, authorizing him to work and act as deputy warden until removed by the commission; that the defendants agreed to pay him $80 per month as salary for his services as deputy warden, and have paid him said amount for each month on the first Tuesday of the month since his appointment, except for the month of July, 1939; that they refused payment for the month of July, which was due and payable on the first Tuesday in August, 1939, and he made written demand for payment on said date, which demand was refused; that he is now a deputy warden for Laurens County; that no charges have been made against him; and that he has not been removed or suspended and is now discharging his duties as deputy warden, as provided by law and the rules of the Prison Commission of Georgia. The prayer was for mandamus absolute requiring the defendants to pay petitioner his salary for the month of July, 1939.

The defendants demurred to the petition, on the grounds that it alleged no cause of action; that the averments were insufficient to authorize mandamus absolute; that the petition failed to allege that the agreement of the defendants to pay the salary was in writing and recorded as required by law; and that the allegations failed to show a failure of the defendants to perform any clear legal duty imposed upon them. The defendants also filed a plea and answer. The demurrer was overruled, and mandamus absolute was granted. The defendants excepted.

"All contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes." Code, § 23-1701. Where the fiscal affairs of a county have been placed in the hands of commissioners, the law just cited is applicable to contracts made in behalf of the county by the commissioners. *Williams* v. *Sumter County,* 151 *Ga.* 402 (107 S. E. 158); *Weathers* v. *Easterling,* 153 *Ga.* 601 (2), 603 (113 S. E. 152); *Board of Commissioners of Morgan County* v. *MacDougald Construction Co.,* 157 *Ga.* 595 (122 S. E. 317); *Faver* v. *Washington,* 159 *Ga.* 568 (126 S. E. 464). This law is designed to keep the public's business open to inspection. The legislature, in the exercise of an indisputable right, has provided that there can be no enforceable contract with such county officers unless it be in writing and recorded on the minutes of such officers. In the light of this law, no one can seriously contend that the plaintiff has entered into a legal

contract with the county officers and is entitled to the benefits of such alleged contract, unless there has been a full compliance with the requirement of the Code. Any negotiations or oral agreements, or even written agreements that have not been entered on the minutes, fall short of being valid contracts conferring any right upon such party, and will not constitute a basis for an action against the county. These essential requirements of a valid contract with the county can not be waived. The mandate of this law is absolute and applicable to each and every contract made and executed on behalf of the county; and to be valid and enforceable every contract must conform to these essential requirements. *Milburn* v. *Glynn County,* 109 *Ga.* 473 (34 S. E. 848) ; *Milburn* v. *Glynn County,* 112 *Ga.* 160 (37 S. E. 178) ; *Holliday* v. *Jackson County,* 121 *Ga.* 310 (48 S. E. 947) ; *Spalding County* v. *Chamberlin,* 130 *Ga.* 649 (61 S. E. 533) ; *Wagener* v. *Forsyth County,* 135 *Ga.* 162 (68 S. E. 1115) ; *Weathers* v. *Easterling,* supra; *Killian* v. *Cherokee County,* 169 *Ga.* 313, 319 (150 S. E. 158) ; *Spears* v. *Robertson,* 170 *Ga.* 368 (152 S. E. 903) ; *Minter* v. *Early County,* 181 *Ga.* 754 (184 S. E. 319) ; *Laurens County* v. *Thomas,* 6 *Ga. App.* 568 (65 S. E. 302) ; *Garner* v. *Floyd County,* 24 *Ga. App.* 693 (101 S. E. 918) ; *Murray County* v. *Pickering,* 42 *Ga. App.* 739 (157 S. E. 343) ; *Sosebee* v. *Hall County,* 50 *Ga. App.* 21 (177 S. E. 71). A suit against the county, based upon an alleged contract with the county, is defective unless it be alleged that such contract is in writing and has been entered on the minutes as required by the statute. Where the petition fails to make such essential allegation, it is subject to demurrer. The petition in the instant case, alleging that the plaintiff is entitled to the salary solely by virtue of an agreement or contract between him and the commissioners of the county, but failing to allege that the agreement was in writing and had been entered on the minutes as required by law, was defective and subject to demurrer. Whether or not the plaintiff is an officer, construing the petition most strongly against him, the action is based on contract, and not on right to salary as fixed by or in pursuance of law. See *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319) ; *Sammons* v. *Glascock County,* 161 *Ga.* 893 (3) (131 S. E. 881) ; *Walker* v. *Stephens,* 175 *Ga.* 405 (165 S. E. 99). The demurrer should have been sustained and the action dismissed. The court's error in overruling the demurrer rendered nugatory all subsequent proceedings.

*Judgment reversed. All the Justices concur.*