## 28199. RAINEY v. MARION COUNTY.

DECIDED JULY 16, 1940.

*John C. Butt, W. B. Short,* for plaintiff.
*J. J. Hollis, George C. Palmer,* for defendant.

PER CURIAM. T. B. Rainey filed suit in a justice's court against Marion County, to recover $100 alleged to be due him on open account. The plaintiff alleged, that the management and control of the county's affairs were vested in a board of commissioners of roads and revenues; and that he presented to the county, through the board of commissioners of roads and revenues, at a regular board meeting thereof, a statement of the account, and payment thereof was refused by the board. The copy of the account, attached to the petition, dated August 9, 1939, recited that Marion County is indebted to "T. B. Rainey, attorney at law, . . Dec. 19, 1938, to attorney's fees in the matter of J. R. McCorkle *vs.* Marion County. Injunction, $100." The county in its answer denied that it was indebted to the plaintiff, and alleged that the plaintiff was not contracted with by any person or group of persons authorized by law to represent the county. By amendment the defendant alleged that the petition failed to disclose that the contract was in writing, or had been entered on the minutes of the board of commissioners of roads and revenues of the county, as required by law.

The case was appealed to the superior court, where it was tried before the judge, without the intervention of a jury, upon an agreed statement of facts, to wit: "J. R. McCorkle filed a bill of injunction against Carlos Belk et al., as commissioners of roads and revenues of Marion County, in the Marion superior court, on December 19, 1938. Carlos Belk, as chairman of the board of roads and revenues of Marion County, Georgia, made and entered into an oral agreement with said Rainey, which was concurred in by R. P. Stevens, J. A. Tyler, and C. N. Phillips, also members of said board

of commissioners. Under said oral agreement the said Rainey defended said suit as an attorney at law to the final termination of the suit. There was no written contract entered into between said Rainey and said board of commissioners of roads and revenues of Marion County, and consequently no contract was entered upon the minutes of said board. When said case was terminated said Rainey submitted a bill of one hundred dollars, for services rendered, to Dr. A. S. Boyett, Frank Brady, and W. M. Wells, who at that time and now compose the board of roads and revenues of Marion County. Payment of said bill was refused by said commissioners to whom said bill was submitted. It is further agreed that at the time of the oral agreement above referred to, between plaintiff and said commissioners, no compensation was stipulated and agreed upon to be paid said Rainey for said legal services." The judge rendered judgment for the defendant, and the plaintiff. excepted.

The employment by the board of county commissioners of Marion County of an attorney to represent the board in an injunction proceeding brought against the board does not constitute the attorney a county attorney, within the meaning of the act of 1937 (Ga. L. 1937, pp. 1375, 1379), giving to such board the power and authority to select and appoint a county attorney for Marion County. The cases of *Templeman* v. *Jeffries,* 172 *Ga.* 895 (159 S. E. 248), and *Walker* v. *Stephens,* 175 *Ga.* 405 (165 S. E. 99), are distinguishable from the present case. In each of those cases a county attorney was employed to represent the county generally, while in the case at bar the attorney (the plaintiff) was employed to represent the county in one case only, which did not make him the county attorney, and therefore he was not an officer. The contract of employment entered into between the county board and the attorney, not being in writing and spread upon the minutes of the board. of county commissioners, as required by the Code, § 23-1701, which requires that "all contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes," was void and unenforceable. *Murray County* v. *Pickering,* 42 *Ga. App.* 739 (157 S. E. 343). Counties are not liable except when made so by statute, and the statute is positive as to how and in what way liability of a county may be fixed. *Carolina Metal Products Co.* v. *Taliaferro County,* 28 *Ga. App.* 57, 58 (110 S. E. 331); *Holliday* v. *Jackson County,* 121 *Ga.* 310 (48 S. E.

947). It follows that under the law and the undisputed facts the judge properly rendered judgment for the defendant.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., dissenting. The plaintiff was employed, under an oral agreement with the commissioners of roads and revenues of Marion County, to represent the board of commissioners, in an injunction proceeding brought against the board by J. R. McCorkle. The control and management of the affairs of Marion County were vested in a board of commissioners of roads and revenues. Ga. L. 1937, p. 1375. Suits relative to the fiscal affairs of a county are properly defended by the county commissioners. . Such suits can not, as a general rule, be properly defended without the services of an attorney at law. The power to control the fiscal affairs of a county carries with it the power to employ counsel to defend a suit brought against the county, or the board of county commissioners, in civil matters growing out of the fiscal affairs of the county. Furthermore, the commissioners of roads and revenues of Marion County have specific statutory power and authority to select and appoint a. county attorney for Marion County. Ga. L. 1937, supra. The plaintiff, in acting as attorney in the matter, represented the commissioners in their official capacity, and the services he rendered were for. the benefit of and in behalf of Marion County. Under the act of 1937, relative to the board of commissioners of roads and revenues of Marion County, the board is not only given power to appoint a county attorney, but is also given "such other powers as are granted by law or as may be indispensable to their jurisdiction over county matters or county finances." This provision of the act, irrespective of the other provision, conferring upon the commissioners of such county the specific power to select and appoint a county attorney for the county, confers upon the county board the power and authority to appoint an attorney for a specific purpose, and to represent the county in a specific litigation. See *Templeman* v. *Jeffries,* 172 *Ga.* 895, 899 (supra), and cit. The employment by the board of commissioners of roads and revenues of the county of an attorney to represent the county in a specific litigation was the appointment, so far as the litigation was concerned, of a county attorney.

The reasoning underlying the decision in *Walker* v. *Stephens,* 175 *Ga.* 405 (supra), was that the county authorities could employ

a qualified practitioner of the law to represent the county in a particular litigation, and that in such event the relationship between the county and the attorney would not rest upon contract but would arise from the appointment of the attorney as a public officer. The same is true of the case of *Templeman* v. *Jeffries,* supra. . I can see no valid reason why, where a county has no regularly appointed county attorney to represent the county in all legal matters involving the county, such attorney receiving therefor a regular monthly or yearly compensation, the county authorities in whom that authority is vested by law can not, in order to save to the county the expense of a regularly employed county attorney, appoint a qualified practitioner of the law to represent the county only when the services of an attorney are needed by the county, and be liable for the services rendered by the attorney thus appointed. In such a case, why would not this attorney be as much a county attorney and public officer in so far as the particular matter or litigation for which his services were engaged was concerned, as would some attorney employed in the same manner but employed by the month or year to represent the county generally and paid a monthly or yearly compensation for his services? The former would be a public officer only so long as his employment continued, and then only in so far as the particular matter for which he was employed was concerned; that is, he would be a public officer in the performance of the specific duty which he was appointed to perform for the county, and it does not "matter that his authority or duty is confined to very narrow limits." See *Templeman* v. *Jeffries,* supra.

A public officer is one whose duties are in their nature public and for the benefit of the public. It is the substance of the powers exercised, and the nature of that duty, which make the office, *and not the extent of authority; and a person is not the less a public officer when his duty is confined to narrow limits.* 22 R. C. L. 373. The taking of an oath and the requirement of bond are mere incidents, and the absence thereof does not necessarily negative official character. One may be a public officer for the performance of a specific purpose which when completed will terminate the appointment. A public officer need not be appointed for a fixed period, but may be appointed at the pleasure of the power vested with the appointment. See State *v.* Stanley, 66 N. C. 59 (8 Am. R. 488); State *v.* Bus, 135 Mo. 325 (36 S. W. 636, 33 L. R. A. 616). The

appointment may be for a specific purpose, to terminate when that purpose has been performed; and where the power to make appointment is vested in a subordinate government agency, such as the board of county commissioners, that board may, in making the appointment, in the absence of any controlling statute or law, fix the term of the appointment. Robertson v. Coughlin, 196 Mass. 539 (82 N. E. 678, 13 Ann. Cas. 804).

The legislature has not by statute expressly created the office of county attorney for Marion County, fixing the term of office and prescribing in the statute the duties which the appointee should perform; but the legislature, by the act of 1937, supra, authorized the appointment of a county attorney, and this function could be exercised, in the discretion of the board of county commissioners, more economically in small counties by appointing the attorney for a particular purpose, his appointment to expire when that purpose had been performed. At such time as the county board determined that the county was in need of the services of an attorney, such an attorney would be a public officer for that purpose and during that time only. This is borne out by the decisions cited and quoted from approvingly by Mr. Justice Hines in *Templeman* v. *Jeffries,* supra, as follows: "In Eagle River v. Oneida County, 86 Wis. 266 (56 N. W. 644), the Supreme Court of Wisconsin held that a county 'has the legal capacity to sue and be sued, and to appeal to the Supreme Court, and it is its duty, by implication, when it has a case pending in the Supreme Court, to attend to it and see that it is properly presented to that court; and, connected with such a duty, it must have the power to employ legal counsel for such purposes; and as it has such power, it must have the power to direct or authorize some one to employ such counsel for and on its behalf.' In Duluth &c. R. Co. v. Douglas County, 103 Wis. 75 (79 N. W. 34), the Supreme Court of Wisconsin again held that a county board, having appealed a case to that court, had by implication the power to employ an attorney to prosecute the case in that court, the district attorney of the county not being obliged to attend to its litigation in the Supreme Court. In Doster v. Howe, 28 Kan. 353, it was held that where a county attorney commences an action in the name of the State against the board of commissioners, and, on an adverse decision in the district court, takes the case to an appellate court, the county board may make a legal and valid contract

with an attorney to defend the case in the appellate court. In Franklin County v. Layman, 34 Ill. App. 606, it was held, that, to defeat the collection of a tax claimed to be illegal, the county board had power to employ counsel under a statute empowering them 'to do all other acts in relation to the concerns of the county.'"

It is true that in the larger counties, having considerable legal matters to deal with, the appointment of a regular county attorney by the month or by the year, at a monthly or yearly salary, may be preferable. In *Templeman* v. *Jeffries,* supra, this was recognized and the court stated: "Having reached the conclusion that the county commissioners are authorized by clear implication to employ counsel for the county, we see no good reason why such authority should be confined in its exercise to cases or occasions requiring the employment of counsel. This would necessitate various contracts of employment, or various appointments of counsel to meet the oft-recurring necessities of the county. A regular county attorney could render better service than attorneys occasionally employed in the legal business of the county. The appointment of a regular county attorney to represent the county and to advise the commissioners in the discharge of the various matters in which the county engages could be secured more cheaply than by employment of counsel pro hac vice." While the above is true of large counties, the contrary is true in the smaller counties of this State, such as Marion County, which, having very little litigation, might not, in the discretion of the board of commissioners, need a regular county attorney employed on a regular salary.

The board of commissioners had authority to employ the plaintiff to defend them in the injunction suit brought against them. *Templeman* v. *Jeffries,* supra. It is true that the contract employing the plaintiff was oral, and that no contract of employment was entered on the minutes of the board of commissioners. Therefore it is insisted that the employment of the plaintiff was void. This contention is based on the law declaring that all contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes. Code, § 23-1701. See *Griffin* v. *Maddox,* 181 *Ga.* 492 (182 S. E. 847); *Killian* v. *Cherokee County,* 169 *Ga.* 313 (2 c) (150 S. E. 158); *Murray County* v. *Pickering,* 42 *Ga. App.* 739 (157 S. E. 343). This contention is not meritorious. The relation between the county

and the plaintiff arises, not out of a specific contract between the commissioners and the plaintiff, but from appointment under authority of the statute to make such appointment of the plaintiff by the county commissioners as county attorney for the specific purpose of defending the county in the injunction suit brought against the commissioners by McCorkle. This appointment was authorized, both under the general law, and by legislative enactment. The plaintiff, in so far as he represented the board of county commissioners in this litigation, was a public officer, and his duties under this employment do not rest in contract. "An office is a public station or employment conferred by the appointment of the government. *Any one* is a *public officer* who is appointed by the government and has any duty to perform concerning the public. Nor does it matter that his authority or duty is *confined to very narrow limits*. . . The title of the county attorney to his office rests upon an implied legislative power conferred upon the commissioners, and not upon a contract made by the commissioners and the attorney." (Italics ours.) See *Templeman* v. *Jeffries,* and *Walker* v. *Stephens,* supra. The employment of the plaintiff by the commissioners in this litigation does not constitute the making of a contract, within the meaning of the Code section cited above. Therefore it was not essential to the legality of the employment or appointment of the plaintiff as the county attorney for this specific litigation that any contract be in writing or be recorded on the minutes of the board of county commissioners.

Whether or not the contract under which the plaintiff was employed to represent the county in the specific litigation was invalid by reason of the fact that it was not in writing and spread upon the minutes of the county commissioners, as required by the Code, § 23-1701, the services which were actually rendered by the plaintiff pursuant to the contract in representing the county in the litigation went to a legal benefit of the county, namely, legal services which the county commissioners under the act creating them had the right to contract for on behalf of the county. Under the act of 1937, supra, relative to the board of commissioners of roads and revenues of Marion County, the board is given the power to appoint a county attorney, and "such other powers as are granted by law or as may be indispensable to their jurisdiction over county matters or county finances." Under this act the board of county

commissioners had authority to employ the services of an attorney to represent the county in specific litigation whenever in their judgment such services were necessary. See *Templeman* v. *Jeffries,* supra.

This being true, the county, under authority of the principle laid down in *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (3) (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244) was legally liable to the plaintiff for the services rendered, such services being a legal benefit to the county and accepted by it, notwithstanding the contract may have been illegal by reason of not being in compliance with the Code, § 23-1701. In that case it was held: "An action for money had and received may be maintained by one who has loaned money to a county, and which has been used by it to discharge a legally incurred liability for a current expense, although the governing official or officials of a county have no authority to borrow the money or to give a note therefor." In the opinion the court said: "Counsel for plaintiffs in error contend that the illegality of the notes pervades the whole transaction, and bars a recovery of the money, even though beneficially applied to a lawful purpose. To this contention we can not give our assent. It is very generally held that counties and municipal corporations are liable for money had and received by them and applied beneficially to their authorized objects, although the contract by which the money was obtained was unauthorized by law. . . The principle of liability rests upon the theory that the obligation implied by the law to pay does not originate in the unlawful contract, but arises from considerations outside of it. . . The obligation to account for money received by the county, and actually devoted to lawful purposes, rests upon the broad principle of common honesty, which will not permit the county to retain the benefit of money lawfully applied to its use, and at its request, simply because the county lacked the power to borrow the money." So, irrespective of the provision in the act of 1937 for the appointment by the commissioners of Marion County of a county attorney, the commissioners have the right, pursuant to other powers conferred, to make certain contracts beneficial to the county, and, when necessary, to make a contract with an attorney to represent the county in a specific litigation, although in so doing the attorney may not be a county attorney appointed under the authority of the specific

provision of the act of 1937 for the appointment by the commissioners of a county attorney.

It is true that no compensation was stipulated or agreed upon to be paid to the plaintiff for his services in defending the board of county commissioners in this case. However, no question is raised as to the amount charged by the plaintiff for his services. The plaintiff made affidavit, attached to the petition, as to the value of the services in the amount sued for. The value of the services as thus alleged is not denied by the defendants. They deny liability solely on the ground of the alleged invalidity of the contract. Where one renders services valuable to another, a promise is implied to pay the reasonable value thereof. Code, § 3-107. "Where no special contract is made, the attorney may recover for the services actually rendered." § 9-611. There is no contention that the plaintiff had not fully rendered the services required of him in defending the McCorkle litigation. The board of commissioners accepted and received the benefit of these services, and the attorney is entitled to collect their value. *Cloud* v. *Taliaferro County*, 138 *Ga.* 214, 218 (74 S. E. 1074); *Walker* v. *Stephens*, supra. In *Murray County* v. *Pickering*, 42 *Ga. App.* 739 (157 S. E. 343), in which it was held that a contract by a county with an attorney to represent the county in specific litigation was invalid, in that it was not in writing and not spread upon the minutes of the board of county commissioners, the contract for services had not been performed by the attorneys. In this respect that case is distinguishable from the present case. The judgment in favor of the defendant, on the ground that the so-called contract between the plaintiff and the board of county commissioners was void and unenforceable, because not in writing and not spread upon the minutes of the board, was without evidence to support it, and contrary to law. For the above reasons I dissent from the opinion of the majority.