33770. MOORE *et al.,* executors, *v.* BAKER *et al.,* commissioners.

DECIDED JANUARY 17, 1952.

236

*Wheeler, Robinson & Thurmond,* for plaintiffs.

*William Butt, Herman J. Spence,* for defendants.

GARDNER, J. ■ All contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered upon his minutes. Code, § 23-1701. If the fiscal affairs of the county are in charge of a board of commissioners the law applicable to ordinaries with respect to the management of county affairs governs. *Wood* v. *Puritan Chemical Co.,* 178 *Ga.* 229 (2) (172 S. E. 557); *Williams* v. *Sumter County,* 151 *Ga.* 402 (107 S. E. 158). Unless there has been a full compliance with the statutory provisions relative to contracts with a county, which fact must appear from the plaintiffs' petition, and the petition is properly attacked by demurrer, the petition is subject to such demurrer. *Graham* v. *Beacham,* 189 *Ga.* 304 (5 S. E. 2d, 643); *Killian* v. *Cherokee County,* 169 *Ga.* 313 (150 S. E. 158). It does not appear that the contract, which appears from the amendment to have been parol, was placed upon the minutes of the county commissioners. It, therefore, affirmatively appears from the plaintiffs' petition that the contract sued on was not in writing and that the same had not been placed on the minutes

of the commissioners. Therefore, such a contract cannot be enforced against the county and an action based thereon, the above appearing, is subject to demurrer. *Sosebee v. Hall County*, 50 *Ga. App.* 21 (177 S. E. 71). "The reducing of a contract to writing and the entering of such contract on the minutes of the authorities having in charge the financial affairs of the county is a condition precedent to the existence of a valid and enforceable contract against the county, and the petition should' allege the performance of such a condition." *Sosebee v. Hall County*, supra.

The plaintiffs' petition fails to show any facts sufficient to take the contract out of the foregoing rule. The purpose of the rule is to protect the taxpayers against unauthorized and illegal contracts and expenditures of county funds. There was no estoppel on the part of the county commissioners.

■ It follows that the first count, as amended, failed to set up a cause of action against the defendants, the commissioners and the County of Lumpkin. It is proper to add by amendment a second count to a petition, but there must be in the pleadings already filed enough to amend by, that is, a valid cause of action must be set forth in the original petition. See *Hooper v. City of Atlanta*, 26 *Ga. App.* 221 (105 S. E. 723). Under the foregoing, the amendment, setting up facts to the effect that the defendants were liable to the plaintiffs' testate for the reasonable value of the property taken and destroyed by virtue of the provisions of the Constitution that private property shall not be taken for public purposes without just compensation being paid therefor, was not proper and the court did not err in sustaining the demurrer thereto and to the petition.

A new and different case from that made in the original petition cannot be added by amendment. *Jones v. Robinson*, 172 *Ga.* 746 (3) (158 S. E. 752). The cause of action sought to be added by the amendment as count 2 was not of a similar nature to that set out in count 1 of the petition, and could not be properly joined therewith. The action sought to be set out in count 1 was based upon the contract alleged to have been made between the deceased Moore and Lumpkin County, and the cause, which is set forth in the amendment offered as count 2 of the petition, is one sounding in tort. The first is based

upon the alleged parol contract, not reduced to writing and entered on the minutes of the commissioners and the second is for damages by reason of the loss of certain property, based upon a failure of the county to pay the reasonable value of the property, which was taken for public purposes in violation of said Constitutional provision (Code, Ann., § 2-301).

The amendment and the petition were subject to the demurrers urged for the foregoing reasons.

There is nothing to the contrary of what is now held in the present case in the decision of this court in *Washington County* v. *Sheppard,* 46 *Ga. App.* 240 (167 S. E. 339). The questions involved therein are not involved here. The county is liable to be sued on a valid contract, even though there is no statute expressly authorizing the bringing of such an action for such purpose. This rule announced in the *Sheppard* case is not contrary to the present case which deals with the validity of the contract with the county where there is no complaince with the statute as to such contract being in writing and being entered upon the minutes of the county authorities, and as to the failure to present a claim against a county within 12 months. The same is true of the case of *Decatur County* v. *Praytor &c. Contracting Co.,* 163 *Ga.* 929 (137 S. E. 247), and similar cases.

This court does not rule here that, in a proper case, an action for damages will not lie under the constitutional provision prohibiting the taking or damaging of private property for public purposes; but simply that the alleged cause of action sought to be set forth under count 1 is based on a contract and that an action for damages under this constitutional provision for the taking or damaging of private property by the county, without paying therefor, is based on a tort and cannot be joined with the action ex contractu. Such cases as *Bailey* v. *Miller County,* 24 *Ga. App.* 746 (102 S. E. 178) and *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149), have no application under the rulings controlling in the present case.

There is nothing in the case of *Lynch* v. *Harris County,* 188 *Ga.* 651 (4 S. E. 2d, 573), and citations, relied on by the plaintiffs in error, conflicting with what we now hold. That case has no bearing on the question presented here and on which the present decision turns.

It follows that the trial judge properly sustained the demurrers of each of the defendants to the amendment and to the plaintiffs' petition, considering the profferred amendment, and properly disallowed such amendment and dismissed the petition.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*