## 57580. COMMERCIAL CREDIT CORPORATION v. MASON et al.

SMITH, Judge.

In this appeal, appellant asserts that a valid and binding contract exists between itself and Gwinnett County. Appellant contends that it has constructed a sewage treatment facility pursuant to this alleged contract and therefore is not required to pay a tap-on fee of approximately $49,000 for connection to the recently completed county interceptor sewer system. The county argues that this tap-on fee is required of appellant because no binding contract ever existed between the parties. The trial judge, sitting without a jury, found that the parties had not entered into a binding contractual relationship because the alleged agreement had not been reduced to writing and entered upon the minutes of the board of commissioners. We affirm.

1. Code § 23-1701 states: "All contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes." "Where the fiscal affairs of a county have been placed in the hands of commissioners, the law just cited is applicable to contracts made in behalf of the county by the commissioners . . ." *Graham v. Beacham,* 189 Ga. 304, 305 (5 SE2d 775) (1939).

Assuming *arguendo* that an otherwise valid written contract exists in this case, appellant has made no showing that such contract was entered on the minutes of the Gwinnett County Board of Commissioners as required

by law. "Any negotiations or oral agreements, or even written agreements that have not been entered on the minutes, fall short of being valid contracts . . . and will not constitute a basis for an action against the county." Id. at 306.

2. The remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 4, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 24, 1979 — 

*William A. Wehunt,* for appellant.
*James A. Henderson,* for appellees.