[No. 15552.   Department One.   March 16, 1920.]

CHASE SIBLEY, *Respondent*, v. STETSON & POST
LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT (1)—CONTRACTS (2)—FOR BONUS—CER-
TAINTY. An agreement to pay a salesman and clerk an annual bonus
of from four hundred to five hundred dollars at the end of each
year's service is not so uncertain and indefinite as to be unenforcible.

LIMITATION OF ACTIONS (37)—COMPUTATION—ENTIRE CONTRACTS—
INSTALLMENTS. Until the termination of the employment, the statute
of limitations does not begin to run against recovery of an annual
bonus to be paid a salesman at the end of each year's service, where
the contract of hiring was for an entire period of three or four years.

SAME (91)—EVIDENCE—QUESTION FOR JURY. The question as to
when the statute of limitations commenced to run against the re-
covery of installments is properly left to the jury, where there was
a question of fact as to whether the contract was entire or not, and
whether there was a promised consideration for delay in making the
payment.

Appeal from a judgment of the superior court for
King county, Pemberton, J., entered March 22, 1919,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract. Affirmed.

*Jay C. Allen,* for appellant.
*Flick & Paul,* for respondent.

HOLCOMB, C. J.—Plaintiff sued to recover a bonus
alleged to have been agreed, by one of defendant's
officers, defendant would pay to plaintiff in addition
to a monthly salary for services as salesman and office
man. The alleged bonus was payable yearly at the
end of each year of employment in the sum of between
four and five hundred dollars. There is testimony
that, at the end of the first year, an officer of defend-
ant company requested plaintiff to agree to a post-

[1]Reported in 188 Pac. 389.

ponement of the payment of the bonus, holding out to plaintiff that there would be added compensation accruing to plaintiff for the delay. The same thing occurred as to the accumulated bonus at the end of the second year, and again at the end of the third year of employment. Plaintiff testified that the vice president and secretary of defendant company repeatedly promised during the three and one-half years of employment that the bonus would be paid and that it was owed to the plaintiff, and that not until his discharge did the defendant absolutely refuse payment or deny liability for the debt. All of this testimony on the part of the plaintiff is directly denied by the testimony of defendant's witnesses.

The defendant set up as an affirmative defense an item of $194.63 which it claimed was owing to it from the plaintiff as the unpaid balance due on a purchase of stock which plaintiff had made and which had been paid for by defendant.

At the close of the plaintiff's testimony, the defendant moved for a nonsuit, which the court denied, and the case was submitted to the jury, which returned a verdict in favor of the plaintiff in the sum of $500. A motion for new trial, and for judgment *non obstante veredicto,* based upon the statutory grounds, were by the court denied. Although the transcript does not contain the judgment entered upon the verdict, the defendant has appealed from that judgment to this court.

Appellant first contends that the trial court erred in denying his motion for a nonsuit at the end of the respondent's testimony. It is argued that the alleged contract was unenforcible in law because too indefinite and uncertain. We do not consider that, within limits, the contract was so indefinite or uncertain as to compel the conclusion that there was no meeting of the

minds of the parties. If the testimony of the plaintiff is to be believed, it is easy to conceive that the parties agreed that the bonus should have a minimum of $400 and a range of $100. The limits were fixed with reasonable certainty.

Another argument advanced in behalf of the motion for a nonsuit is that the cause of action was barred by the statute of limitations. The first year of service expired in June, 1912, the second in June, 1913, the third in June, 1914, and the plaintiff was discharged from the employ of the company on January 7, 1915. This suit was not commenced until in December, 1917. The record is not without testimony showing that the original contract of hiring was for an entire period of three or four years. The fact that the salary was to be paid monthly, or that the bonus was to be paid yearly, would not start the running of the statute of limitations, but it would commence only when the services were terminated. As said in 25 Cyc. 1076:

"As against a cause of action to recover compensation for services rendered under an entire indivisible contract, the statute begins to run when and only when the services are terminated and the work completed, although the work may consist of numerous parts or items and although the contract provides that the compensation shall be made at stated intervals or in installments."

In 17 R. C. L. at page 797 we find the following:

"But where the matters specified in the claim are the outgrowth of an entire contract for continuous labor or services, the demand will be considered as an entire one and the statute will not attach until the completion of the contract."

See, also, *Schorick v. Bruce,* 21 Iowa 305; *O'Brien v. Sexton,* 140 Ill. 517, 30 N. E. 461; *Iron Mountain & Helena R. v. Stansell,* 43 Ark. 275; *Catholic Bishop of Chicago v. Bauer,* 62 Ill. 188.

Appellant complains that the court submitted to the jury the determination of the facts governing the question as to when the statute commenced to run. The fact as to whether the hiring was for a continuous period would determine whether it was entire or not; and as to whether there was a promised consideration for delay in making payment of the bonus was also in dispute and properly left to the jury.

We are not impressed with other errors complained of by appellant. It is true that, had we been the triers of the facts, we might have decided the questions differently than did the jury, but we do think there was such dispute on every material issue in this case as to properly submit it to the jury and that the verdict should not be disturbed.

Judgment affirmed.

PARKER, MACKINTOSH, MAIN, and MITCHELL, JJ., concur.