[No. 33932. Department Two. July 5, 1957.]

GORDON S. SANDEMAN, *Respondent,* v. STANLEY S. SAYRES *et al., Appellants.*[1]

*Geo. H. Rummens, Kenneth P. Short, Paul R. Cressman,* and *Richard M. Oswald,* for appellants.

*McMicken, Rupp & Schweppe,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment allowing a bonus in connection with a contract of employment.

In June, 1953, plaintiff was employed by defendants, doing business as Sayrescrest Company, in the capacity of national sales manager. Sayrescrest Company is a business enterprise engaged in selling "do-it-yourself" furniture.

[1]Reported in 314 P. (2d) 428.

The contract of employment is evidenced by a letter dated July 2, 1953, the pertinent provisions of which are as follows:

"Salary    $750.00 per month to be paid on a semi-monthly basis.

"*Commission* A suitable incentive in this category will be paid you
*and/or*   and will be decided upon, after the first three (3) months
*Bonus*    of our marketing operations of SAYRESCREST products, commencing July 1st, 1953. This period of time is specified to enable us to properly evaluate the market and acceptability of our products. Such commission and/or bonus arrangement, will be in addition to the salary stated above."

After plaintiff had been employed for approximately three months, he approached the defendants' general manager, Mr. Mueller, to discuss the matter of bonus and/or commission. It was mutually agreed between them that the discussion was premature. No further discussion of this matter was held during his employment. Throughout this period the company did not operate at a profit.

April 1, 1954, an oral agreement was entered into between the parties by the terms of which plaintiff was made a part-time manufacturer's representative, or sales agent. It was agreed that during such time as he spent in that capacity he would receive, instead of salary, a seven and one-half per cent commission on gross sales. With regard to such portions of his time spent as national sales manager, his salary was to be prorated.

The complaint in this action referred to the written contract and alleged:

"V. Pursuant to said contract of employment and in reliance thereon, plaintiff moved from California to the city of Seattle and entered upon his work and duties as said national Sales Manager and performed the same at all times until his said employment by defendants was terminated, effective on June 23, 1954, by mutual agreement of plaintiff and said John H. Mueller as said General Manager of SAYRESCREST COMPANY."

Plaintiff further alleged that he received all salary due him and all money under the subsequent oral agreement, but that he was never paid the added bonus specified in the initial agreement; that the parties never decided upon

the method or amount of compensation; that during the period from July 1, 1953, to May 31, 1954, defendants' gross national sales amounted to $219,229.77; that a suitable, fair, and reasonable bonus or commission was two and one-half per cent of such gross sales, or $5,480.74. He also alleged a demand upon defendants for that sum, which demand was refused. Judgment was sought in that amount.

Defendants, in their answer, admitted the existence of both contracts, denied that the sum of $5,480.74 was a suitable, fair, and reasonable commission or bonus for plaintiff's services, or that he was entitled to said sum, and alleged, as an affirmative defense, that under the April 1, 1954, agreement the plaintiff had been paid in full for all claims.

The trial court found for the plaintiff on all disputed questions of fact and further found:

"A suitable, fair and reasonable commission or bonus for plaintiff's services as national Sales Manager for defendants' said business enterprise, Sayrescrest Company, is 2½% of said gross national sales, or $5,480.74."

Judgment was entered for plaintiff in that amount. This appeal follows.

Appellants contend that the complaint does not state facts sufficient to constitute a cause of action in that the contract sued on is illusory, or that it is a contract for a contract; in either of which cases it is unenforcible.

■ If an offer is so indefinite that a court cannot decide just what it means, and fix exactly the legal liability of the parties, its acceptance cannot result in an enforcible agreement. *Schuehle v. Schuehle*, 21 Wn. (2d) 609, 152 P. (2d) 608.

■ A supposed promise may be illusory because it is so indefinite that it cannot be enforced, or by reason of provisions contained in the promise which in effect make its performance optional or entirely discretionary on the part of the promisor. *Spooner v. Reserve Life Ins. Co.*, 47 Wn. (2d) 454, 287 P. (2d) 735.

■ An agreement for an agreement, or in other words, an agreement to do something which requires a further

meeting of the minds of the parties and without which it would not be complete is unenforcible. *Weldon v. Degan,* 86 Wash. 442, 150 Pac. 1184.

Respondent prepared the agreement, which was designated "Working Agreement." It was in the form of a letter from the company to him, offering him employment. He testified that the phrase "will be decided upon" meant by the company and himself; and that in the phrase "to enable us to properly evaluate, etc.," "us" meant the company.

Now what did the company offer to do? It offered to pay the respondent a commission and/or bonus. However, this was to be decided upon by the company and the respondent three months later, in order to enable the company to properly evaluate the market and acceptability of its products. It required a further meeting of the minds of the parties before it would become a complete and enforcible agreement to pay a commission and/or bonus. It was an agreement for an agreement.

Respondent relies upon *Sibley v. Stetson & Post Lbr. Co.,* 110 Wash. 204, 188 Pac. 389. That was an action to recover a bonus alleged to have been agreed to be paid in addition to a monthly salary. The bonus was to be paid at the end of each year, in the sum of between $400 and $500. The plaintiff was put off from year to year upon the promise that there would be added compensation accruing for the delay. In holding that the agreement was not so uncertain and indefinite as to be unenforcible, we said:

"Appellant first contends that the trial court erred in denying his motion for a nonsuit at the end of the respondent's testimony. It is argued that the alleged contract was unenforcible in law because too indefinite and uncertain. We do not consider that, within limits, the contract was so indefinite or uncertain as to compel the conclusion that there was no meeting of the minds of the parties. If the testimony of the plaintiff is to be believed, it is easy to conceive that the parties agreed that the bonus should have a minimum of $400 and a range of $100. The limits were fixed with reasonable certainty."

In the *Sibley* case, there was a meeting of the minds upon a definite and certain contract to pay a bonus, the

limits of which were fixed with reasonable certainty. In the case at bar, the minds of the parties did not meet upon a definite and certain agreement to pay a commission or bonus. Something further had to be done in order to consummate the agreement.

It is contended that, the services having been rendered, the court can determine the amount of reasonable compensation and render judgment therefor. The court could do this if the parties had definitely and finally agreed that a bonus would be paid and that the amount, within reasonable limits, was to be determined later, and services were rendered in reliance thereon. Such was not the agreement here.

The judgment is reversed.

HILL, C. J., DONWORTH, FINLEY, and FOSTER, JJ., concur.