NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEFT COAST VENTURES, INC., a Delaware corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BRIGHTSTAR, LLC, a limited liability company organized under the laws of Colorado, <br><br> Defendant-Appellee. | No. 19-35952 <br><br> D.C. No. 2:19-cv-00686-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted November 19, 2020[**]
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and OTAKE,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jill A. Otake, United States District Judge for the District of Hawaii, sitting by designation.

Appellant Left Coast Ventures, Inc. ("Left Coast") appeals the district court's judgment in favor of Appellee Brightstar, LLC ("Brightstar") on Left Coast's declaratory judgment and breach of contract claims related to Left Coast's attempted acquisition of Brightstar's interests in a chain of marijuana dispensaries operating under the name "Native Roots." The parties are familiar with the facts and proceedings, and we will not state them except as necessary to explain our decision.

We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*, accepting a plaintiff's allegations as true and viewing them in the light most favorable to the plaintiff. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). For the reasons set forth below, we affirm.

The district court did not err in concluding that Left Coast and Brightstar did not enter into an enforceable agreement as to the acquisition of Native Roots. The parties never mutually assented to an enforceable agreement, despite expressing in the Letter of Intent ("LOI") that they intended to enter into one in the future. *See Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 948–50 (Wash. 2004).

Nor is the LOI ambiguous. When read as a whole, its references to a potential acquisition, proposed terms, non-binding obligations, and a future definitive acquisition agreement show at most a future intent to enter into an

agreement.  *See id.*; *Sandeman v. Sayres*, 314 P.2d 428, 428–30 (Wash. 1957); *see also McGary v. Westlake Invs.*, 661 P.2d 971, 974 (Wash. 1983).  The district court was therefore correct that the clauses on which Left Coast's claims rest merely established an "agreement to agree," which is not enforceable under Washington law.  *See P.E. Sys., LLC v. CPI Corp.*, 289 P.3d 638, 644 (Wash. 2012).  Because the LOI is not ambiguous, Left Coast was not entitled to discovery to ascertain its meaning.

**AFFIRMED.**