## NEWMAN *vs.* REAGAN.

1. The evidence being conflicting, this court will not control the discretion of the court below in refusing a new trial.

2. Where an employé fails to obey orders, to comply with his contract, was incompetent for the position he had assumed, or his conduct was such that he was injuring the business of his employer by selling at a loss, or by driving off the customers, in case of his discharge, he cannot recover for the time he did not serve, and whatever damage his employer has sustained, he can recoup against what wages may be due the employé.

3. Such conduct would authorize the discharge of the employé. The jury must determine whether his discharge was really caused thereby, or whether it resulted from the dullness of business. A slight mistake, working no injury, that would ordinarily be made, would not be a breach of the contract.

New trial. Contracts. Master and servant. Before Judge WRIGHT. Dougherty Superior Court. August Term, 1880.

Reported in the opinion.

H. MORGAN; L. ARNHEIM, for plaintiff in error.

D. H. POPE, for defendant.

HAWKINS, Justice.

This case comes before the court upon a transcript of the record from the county of Dougherty. The defendant in error brought his action in the superior court to recover from the defendant the sum of four hundred and twenty-five dollars upon a contract for services as clerk for one year, commencing the fifteenth day of August, 1877, to the fifteenth day of August, 1878. The defendant was discharged before the expiration of the time, and after August, 1878, brought suit to recover the full amount under his contract. To this action the defendant, Newman, pleaded the general issue, his right under the law to discharge the plaintiff, and that by his neglect and omissions he had been damaged an amount exceeding the sum sued for, and a set-off.

Upon the trial, and after both sides had submitted a great deal of evidence, and the judge's charge, the jury returned a verdict for $261.99. At the April term of Dougherty superior court the defendant, Newman, made a motion for a new trial upon thirteen grounds, but they may all be considered under three, which were relied on here.

1. That the verdict was contrary to law and evidence.
2. Contrary to the charge of the court.
3. That the court erred in its charge:
1. As to the first, we think the evidence in the case would have justified a verdict for either the plaintiff or defendant, and for that reason a verdict will not be disturbed by this court on that ground. This court has so often held that it is the province of the jury to decide upon the credibility and weight of evidence, and also that this court will not disturb the verdict of a jury when

there is sufficient evidence to support it, that it ought to be regarded by the profession as a settled question.

2. The second assignment of errror was, that the jury found contrary to the charge of the court, in that the court charged that if the real cause of his discharge was because he failed to obey orders, and failed to comply with his contract, and was incapable for the position he had assumed, or his conduct was such that he was injuring the business, either by selling at a loss or driving off the customers, and the plaintiff so shows, then he could not recover for the time he did not serve. Whatever damage the defendant, Newman, has sustained by his neglect and failure to perform his contract, he can recoup against whatever wages may be due him. This to us appears to be unobjectionable law in view of the evidence in the record.

The third is, that the court erred in charging the jury as follows: "It is the duty of the employé to execute the lawful orders of his employer within the scope of the business for which he has been employed, and if he wilfully violate or habitually neglect to obey them, it is a good and lawful cause for his discharge  If the cause was that Newman did not need him through the summer months, and wanted to get rid of him, and the pretext was that he had failed to do his duty, then the discharge would not release Newman from liability. Was he discharged on account of his failure to discharge his duty? or was that a pretext to discharge him on account of the dullness of the business season? A slight mistake, working no injury, that is natural for one to make, would not be a breach of the contract; it must be reasonable, and of this you are to judge from the evidence; you are to look at the whole evidence and determine." The whole charge taken together presented the legal questions fairly to the jury, and considering the evidence and the charge of the court, we think the verdict was authorized, and we affirm the decision of the court below in refusing a new trial.

Judgment affirmed.