## BROXTON *v.* NELSON.

1. But one suit can be maintained for several breaches of an entire contract, when all of them occurred before the commencement of the plaintiff's action.

2. This being the law, one who instituted in a justice's court an action for a specified sum claimed to be due upon a written contract entire in its nature, a copy of the same being set forth, and for other demands therewith connected, all the alleged items of indebtedness sued for being stated and summed up in an account, the same being credited with various sums as partial payments thereof, and the plaintiff's net demand in the case being for a "balance due on contract," he could not thereafter maintain a second action for alleged breaches of the same contract which occurred before the first suit was instituted; nor was it, in the trial of the latter action, competent for the plaintiff to contradict by parol evidence the allegations unequivocally appearing on the face of his pleadings in the first.

3. The rule above announced is not varied because the damages sought to be recovered in the second action were for an amount beyond the jurisdiction of a justice's court.

Argued December 7, 1897. — Decided January 21, 1898.

Action on contract.　Before Judge Berry.　City court of Atlanta.　May term, 1897.

Broxton sued Nelson, alleging that on April 29, 1895, plaintiff entered into a contract with defendant for the purpose of building four houses, which provided that the contractor (plaintiff) should proceed with the work in a prompt and diligent manner, and should finish it according to the drawings and specifications of the contract, and as directed by the architect, and that the owner should provide all materials in such manner as not to delay the material progress of the work.　It

was understood and agreed between plaintiff and George W. Laine, who was the acting architect and agent of the defendant, that the building should be completed by July 15, 1895; and this was ample time in which to do so had the material been furnished at the times it should have been furnished by the defendant; but the defendant failed and refused to furnish the material as fast as needed and so as not to delay the material progress of the work, rendering it necessary for plaintiff to pay out additional wages to workmen and incur other extra expenses, and thus occasioning him a loss of $442, the items of which are set out.

The defendant pleaded that on November 22, 1895, the date on which this suit was filed, an action to recover certain sums alleged to be due from the defendant under said contract, for breaches thereof by the defendant in failing to comply with the same and to pay the sums sued for, was instituted by the plaintiff against the defendant in a designated justice's court, and a judgment rendered therein against the defendant in favor of the plaintiff for $39.35 principal, besides interest and costs; and that on June 9, 1896, defendant paid the judgment in full; also that all cause of action which plaintiff claims in this suit to have against defendant had matured prior to the date of the institution of the suit in the justice's court. The plaintiff moved to strike the plea, upon the grounds that it did not show that any suit had been brought to recover the damages sued for in this case, or that the question of damages sued for had ever been raised and passed upon; that the justice's court had no jurisdiction to try the questions raised by the pleadings in that suit; and that it did not affirmatively appear, from the plea and the certified copy of the justice's court suit exhibited by counsel for defendant, that the suit pleaded in bar was a suit upon the contract or for any debt due under the contract, but, so far as the justice's court pleadings show, the suit there might have been upon an account for extras. The court overruled the motion. The defendant's counsel then moved the court to submit to the jury the plea of former recovery before submitting the main case; and this was allowed over the objection of the plaintiff.

The defendant introduced in evidence a certified copy of the justice's court proceedings, from which it appeared that the suit in that court was brought on November 22, 1895, and was for an alleged balance of $65.35 upon an account dated October 1, 1895, the first item of which was dated April 22, 1895, and was "to contract for building houses" numbers 1, 2, 3 and 4, $1,643. Following this were other items of various dates in July, August and September, 1895, amounting in the aggregate to $112.35, and consisting of charges for "looking after work on stable," "dressing veranda floors," "cleaning out after plasterers Nos. 1 and 4," "building china closet in No. 3," "building four closets," "changing size of door frame at No. 2," and similar items. The account contained credits of cash paid on various dates from May 11, 1895, to August 31, 1895, amounting to $1,690. Attached to the summons was a copy of the contract sued upon in the present case. The judgment was dated June 4, 1896, and was for $39.35 principal, besides interest and costs. It appeared to have been paid in full on June 9, 1895. With this evidence the defendant closed. The plaintiff then offered to testify that upon the trial of the justice's court case the payments credited on the account sued on were applied to the contract price of $1,643 for the building of four houses, and were paid by defendant to plaintiff for the purpose of being applied to the payment of the contract price, and were thus applied, and that this was understood by defendant at the time; that the same overpaid the contract price by about $47; that the excess of payment was applied to the payment of extras; that the only contest in the justice's court upon the trial of the case was the contest over the amount of extras sued for; and that there was really no issue involved in the case growing out of the contract sued upon in this case, and no evidence was offered with reference to said contract, but the same was used only as a matter incidental, or as an inducement, to the charge for extras sued on in said case. The defendant objected to this testimony, on the ground that it was an effort to contradict the allegations of the record in the justice's court, and was immaterial and incompetent under the issues raised by the plea. The court rejected the evidence and directed a verdict for the defendant.

*Simmons & Corrigan,* for plaintiff.
*King & Spalding,* for defendant.

LITTLE, J.   The plaintiff entered into a contract with the defendant, whereby the former undertook to construct for the latter " all the work included in the carpenter-work labor only on houses No. 1, No. 2, No. 3 and No. 4, on Highland and East avenues and Garfield place, Atlanta, Ga., according to plans and specifications for said houses," made by a named architect; the defendant to "proceed with said work and every part and detail thereof in a prompt and diligent manner, and shall wholly finish the said work according to the drawings and specifications. . . The sum to be paid by the owner [defendant] to the contractor [plaintiff] for the said work only shall be $380.00 for No. 1 house; $407.00 for No. 2 house; $476.00 for No. 3 house, and $380.00 for No. 4 house; a total of $1,643.00 for the four houses. . . Such sums shall be paid by the owner to the contractor during the progress of the work on estimates made by the architect, which at no time shall exceed 75 per cent. of amount of work accepted by the architect. . . Said owner hereby promises and agrees with the said contractor to employ and hereby employs him to provide the labor and do the said work according to the terms and conditions herein contained and referred to, for the price aforesaid," etc.

1. This was an entire contract, and not divisible.   Under its terms the plaintiff obligated himself to build four houses, and the defendant in turn obligated himself to pay a gross sum therefor.   Story in his work on Contracts (5th ed., vol. 1, § 26) says:  "An entire contract is a contract the consideration of which is entire on both sides.   The entire fulfillment of the promise by either, in the absence of any agreement to the contrary, or waiver, is a condition precedent to the fulfillment of any part of the promise by the other.   Whenever, therefore, there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire, and is not apportionable either at law or in equity."   In determining whether a contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing—all as

a whole — is of the essence of the contract. If it appear that the contract was to take the whole or none, then the contract would be entire. Clark, Con. 657. In the present case the work which the plaintiff undertook to do was definite and fixed, — to build four houses; and the defendant undertook to pay a gross sum in consideration of such work. The amounts named for each house were not separate undertakings on the part of the defendant, but were component parts entering into and comprising the gross sum agreed to be paid. The consideration to be paid was single and entire, and therefore the contract must be held to be entire, although the subject of the contract consisted of several distinct and wholly independent items. *Branch* v. *Palmer*, 65 *Ga.* 210; Miner *v.* Bradley, 22 Pick. (Mass.) 457. This being an entire contract, an action brought thereon by either of the parties, and sued to judgment on the merits, would bar any subsequent suit for any and all breaches which occurred prior to the commencement of the original action. "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by installments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein." Civil Code, § 3793. Accordingly, in the case of *Evans* v. *Collier*, 79 *Ga.* 319, which was a suit upon an entire contract, the court ruled that all breaches of the contract up to the commencement of the former action, and the amount due to the plaintiff therefor, are conclusively presumed to have have been included in such suit. See also *Desvergers* v. *Willis*, 58 *Ga.* 388.

2. Wherefore, it follows that the plaintiff having instituted in a justice's court an action for a specified sum claimed to be due upon the contract sued upon in the present case (a copy of such contract being set forth), and for other demands connected with said contract, all the alleged items of indebtedness sued for being stated and summed up in an account, the same being credited with various sums as partial payments thereof, and the plaintiff's net demand in the case being for a "balance due on contract," he could not thereafter maintain the present suit

in the city court for alleged breaches of the same contract which occurred before the first suit was instituted, as against a plea of former recovery, setting out the pleadings in the justice's court, from which it was apparent that the two causes of action were identical, or rather founded upon the same contract. Nor in the trial of the subsequent action in the city court, in which by plea the defendant set out the pleadings in the former action, was it competent for the plaintiff to introduce parol testimony the effect of which would be to contradict the allegations unequivocally appearing on the face of the pleadings in the former action. The rule is well established, if not elementary, that a party insisting upon a former recovery must show that the record of the former suit includes the matters alleged to have been determined. 3 Comst. 174. And the question of the identity of the two causes of action must be determined by the record; and if that state a particular cause of action as the foundation of the first suit, parol proof is not admissible to show that a different subject-matter was in fact litigated; for this would be to contradict the record, which shows the issue, and the verdict and judgment upon that issue, to the exclusion of all other matters whatsoever. 2 Story, Con. (5th ed.) § 1683; 3 Comst., supra.

3. The fact that the damages sought to be recovered in the present action were for an amount beyond the jurisdiction of a justice's court, does not affect the principle above laid down, the rule being that all breaches of the contract up to the time of bringing the action on the same must be included in the one action. Civil Code, § 3793; *Thompson* v. *McDonald*, 84 *Ga.* 6, and authorities there cited. If the plaintiff, in order to bring the case within the jurisdiction of the justice's court, abandoned part of his claim, the judgment recovered in that suit will be a bar to any action which he may bring to recover the part so abandoned. The same rule applies to other cases where the creditor has chosen to compel payment of a part of his claim by process of law. This will, in general, where the claim consists of an entire demand, operate as an extinguishment of the whole, upon the principle that a creditor shall not split up and divide an entire cause of action so as to maintain two suits upon it. 2 Chitty, Con. (11th ed.) 1172.

Hence we conclude that the court committed no error in directing a verdict for the defendant on the plea of former recovery; and accordingly the judgment is

*Affirmed. All the Justices concurring.*