## PARKER *v.* FARLINGER.

1. An employee owes to his employer respectful and decorous bearing and obedience to all proper orders and requests connected with his employment, and insubordination and disrespectful conduct constitute a sufficient ground for his discharge and the rescission of the contract of employment.
2. Where the contract between the employer and the employee is an entire one, and the employee is rightfully discharged, in a suit by him on the contract there can be no recovery for partial performance.

Argued February 3, — Decided March 6, 1905.

Appeal.    Before Judge Lumpkin.    Fulton superior court. March 14, 1904.

*Frank A. Arnold,* for plaintiff.
*John L. Hopkins & Sons,* for defendant.

Evans, J.    J. S. Parker sued A. W. Farlinger on account for services rendered.    The account contained two items, viz., 4 1/2 days salary, Sept. 26 to Oct. 1st, 1903, $9.76, and salary for the month of October, $90.    The defendant in his plea admitted that he employed the plaintiff as manager of his apartment house, but averred that the plaintiff was insubordinate and impertinent and failed to carry out his contract of employment, and that defendant discharged him.    On the trial of the case the plaintiff testified that he was employed by the defendant as manager of a hotel and was to receive for his services $65 per month and his board and room, which were worth $25 per month additional; that the contract of service was to begin October 1, and might be terminated by either party on fifteen days notice; that before October 1, defendant needed plaintiff, and the latter went to work on Sept. 26, his work from that date to October 1 being worth $9.76.    The plaintiff further testified that on October 6, a dispute arose be-

tween himself and a guest of the hotel, and they proceeded to defendant's store; that defendant invited the plaintiff into his private office, but plaintiff declined to go into the office unless the guest was also invited, so that he might hear the interview between plaintiff and defendant; that on defendant's declining to invite the guest into his private office, so that what was said could be heard by the guest, the plaintiff told the defendant, in the presence of the guest, that he (defendant) was two-faced, that he wanted to say one thing to the guest and another to the plaintiff; that defendant had given iron-bound rules and would not stick to them. Thereupon the defendant discharged the plaintiff and instructed the servants not to obey him further. Tne night following there was an altercation between the plaintiff and the defendant,'the nature of which is immaterial to the discussion of the legal principles involved. The defendant introduced no evidence, and the court directed a verdict in favor of the plaintiff for $9.76. The plaintiff by direct exception assigns the direction of the verdict for $9.76 as erroneous, and insists that the court should have directed a verdict for the full amount sued for, or at least for the time he worked during the month of October, at the contract rate.

1. In all contracts of hiring there are certain implied obligations which are as essentially included in the contract as if they had been expressly agreed upon. Among these are the obligations of the servant to obey all reasonable commands of the master, incidental to the business to which the hiring relates, and to treat the master with respect. Wood's Mas. & Serv. § 83. An employee owes to his employer respectful and decorous bearing and obedience to all proper orders and requests connected with his employment, and insubordination and disrespectful conduct constitute a sufficient ground for his discharge and the rescission of the contract of employment. Railey *v.* Lannahan, 34 La. Ann. 426. When the master requested a private interview with his employee, the latter had no right to insist on the presence of the guest. It is not disclosed what the purpose of the master was in requesting a private interview with his servant, neither is it material. The refusal to extend an invitation to the guest to be present, so as to hear what passed between them, did not justify the discourteous and disrespectful verbal castigation of the master by the servant. The language used was most disrespectful. It

amounted to a charge of deceit and untruthfulness, and justified the immediate discharge of the servant.

2. The contract between the parties was an entire one, and continued until the stipulated notice to terminate was given. The wages of the employee were payable monthly. During the pendency of the contract, the employee was entitled to his wages at the end of each month. He was discharged by the defendant early in the month of October, and his suit was brought at the expiration of the month to recover the full month's wages under the contract. This he can not do, because he has neither performed his contract nor been prevented from performance by any illegal act of his employer. The plaintiff, having been rightfully discharged, was not entitled to recover from his employer wages he did not earn. *Physioc* v. *Shea*, 75 *Ga.* 466. The suit is not on a quantum meruit for the six days which he worked in October, but for the contract price for the entire month. Had he sued on a quantum meruit, perhaps, under the intimation in *Newman* v. *Reagan*, 65 *Ga.* 512, he might have recovered for services actually performed. However, his suit was on the contract, and not on a quantum meruit.

The service rendered prior to October 1 was not included in the contract of hiring, which was to become effective on that day. Hence, the plaintiff was entitled to recover for this service, and the court was right in directing a verdict for him for its proved value.　　　　*Judgment affirmed. All the Justices concur.*