## BENNETT *v.* BURKHALTER.

1. It appearing that the plaintiff based his right to a recovery upon an express contract, which he contended had been fully performed, and his contention having been put in issue by the pleadings and evidence of the defendant, it was not error for the court to instruct the jury that if they should find that there was a contract between the parties to the case, the parties would be bound thereby, and that "courts and juries do not make contracts for people, but if they ascertain that a

contract is made, then it is the duty of the courts and juries to enforce the contract as made by the parties."

2. While courts will enforce valid contracts as made by the parties, the party seeking the enforcement of an alleged executed contract should show performance upon his own part; otherwise he would not be entitled to a verdict against the defendant; and a failure so to charge the jury, in general terms at least, was error.

Argued February 19,—Decided April 13, 1907.

Complaint. Before Judge Parker. Appling superior court. January 2, 1906.

*J. I. Carter, V. E. Padgett,* and *W. W. Bennett,* for plaintiff in error. *W. T. Burkhalter,* contra.

BECK, J. 1. This cause arose out of the conflicting contentions of the parties, who were both attorneys at law, concerning the proper division of a fee. The plaintiff in the court below (defendant in error here) based his right of action upon an express contract, by the terms of which he was to have one half of a fee which might be recovered in a certain case pending in Tattnall superior court, which had been filed by the defendant for a suitor in that court. The fee recovered amounted to $500. While there was much evidence introduced which would have been relevant and material only to a claim based upon a quantum meruit, under the petition and the evidence introduced by the plaintiff he was not entitled to recover upon a quantum meruit, but was only entitled to recover upon the contract set up in his petition. If he had not performed his part of that contract, his entire right of action was destroyed by his non-performance; in which case there should have been a verdict for the defendant. But if his right of action was not lost by non-performance on his part, the plaintiff was entitled to recover the full amount sued for, that is his half of the $500 fee, less the amount which had been paid him, together with interest upon the portion remaining unpaid. This being true, the court did not err in giving to the jury the following instruction: "If there was a contract made between the plaintiff and defendant in this case, and you should so find, and that that contract was for an equal division of the fees recovered in the case, then, regardless of other matters, they should be bound by the contract. That is, courts and juries do not make contracts for people, but if they ascertain that a contract is made, then it is the duty of the courts and juries to enforce the contract as made by the par-

ties." The words "regardless of other matters," in the connection in which they appear, are meaningless, and for that reason should have been omitted; but the principle of law stated is evidently sound, and it was applicable to the issues raised by the pleadings and the evidence.

2. But while courts will enforce contracts which have been made by the parties, the party seeking the enforcement of an alleged executed contract should show performance upon his own part. As to whether or not the plaintiff in this case had performed his part of the agreement, the evidence was conflicting, and the question should have been submitted to the jury, and they should have been instructed, at least in general terms, that it was incumbent upon the plaintiff, before he would be entitled to a verdict, to show, by evidence, that he had performed the services in the contemplation of the parties at the time the contract was entered into. This the court failed entirely to do, and by this failure the jury were left without instruction upon the most material issue in the case, and the error was of so grave a nature as to require that the verdict be set aside and a new trial granted.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*