## 7937. DOLAN *et al. v.* LIFSEY.

BROYLES, P. J. 1. There is no substantial merit in the motion to dismiss the bill of exceptions, and it is accordingly denied.

2. In an indivisible contract "the entire fulfillment of the promise by either, in the absence of any agreement to the contrary, or waiver, is a condition precedent to the fulfillment of any part of the promise by the other." "In determining whether the contract is entire or severable the criterion is to be found in the question whether the whole quantity,

service, or thing—all as a whole—is of the essence of the contract. If it appear that the contract was to take the whole or none, then the contract would be entire. Clark, Con. 657." *Broxton* v. *Nelson*, 103 *Ga.* 327, 330, 331 (30 S. E. 38, 68 Am. St. R. 97).

3. Where a contract is entire the whole contract stands or falls together. Civil Code of 1910, § 4228.

4. Where the plaintiff has performed a part only of an indivisible contract, and the defendant has accepted this part performance, the plaintiff can recover upon a quantum meruit, or in assumpsit, but he can not recover upon the contract itself. *Southern Ry. Co.* v. *Branch*, 9 *Ga. App.* 310 (71 S. E. 696).

5. Where the plaintiff bases his right to recover upon an express contract, which is entire and indivisible, he can not recover unless he has performed all his obligations under the contract. *Hill* v. *Balkcom*, 79 *Ga.* 444 (5 S. E. 200); *Parker* v. *Farlinger*, 122 *Ga.* 315 (50 S. E. 98); *Bennett* v. *Burkhalter*, 128 *Ga.* 154 (57 S. E. 231); *Broxton* v. *Nelson*, supra.

6. The contract which is the basis of the action in the case at bar was an entire contract, and the defendants could plead that the plaintiff had breached the contract in certain particulars, setting them forth, and it was not incumbent upon them to allege the amount that they had been damaged by reason of such breaches.

7. The court erred in striking the defendants' plea, and the subsequent proceedings in the case were nugatory.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED MARCH 19, 1917.

Complaint; from city court of Atlanta—Judge Reid. September 30, 1916.

The bill of exceptions assigns error on the striking of the defendants' plea and on the judgment thereafter rendered against them for the amount sued for. The ground of the motion to dismiss the writ of error is that "the errors assigned are insufficient to raise an issue to be determined by this court, in that it appears that a verdict was rendered in said case in favor of the defendant in error, and that nowhere in said bill of exceptions is error assigned upon the rendition of said verdict."

*W. F. Slaton Jr., L. S. Hulbert,* for plaintiffs in error.

*Moore & Pomeroy,* contra.