## 26210. BURNS v. MITCHELL.

Decided June 15, 1937.

*J. F. Kemp*, for plaintiff in error.
*Walter W. Aycock, G. Seals Aiken*, contra.

Guerry, J. 1. "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." Code, § 20-112. "In determining whether the contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing—all as a whole—is of the essence of the contract. If it appear that the contract was to take the whole or none, then the contract would be entire. Clark, Con. 657." *Broxton* v. *Nelson*, 103 *Ga.* 327, 330 (30 S. E. 38, 68 Am. St. R. 97) ; *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (91 S. E. 913).

2. "Where the matters specified in the claim are the outgrowth of an entire contract for continuous labor or services, the demand will be considered as an entire one" (17 R. C. L. 797), and, "as against a cause of action to recover compensation for services rendered under an entire indivisible contract, the statute [of limitations] begins to run when and only when the services are terminated or the work is completed, although the work may consist of numerous parts or items, and although the contract provides that the compensation shall be made at stated intervals, or in installments." 37 C. J. 823, § 175; Shorick v. Bruce, 21 Iowa, 305; Sibley v. Stetson &c. Lumber Co., 110 Wash. 204 (188 Pac. 389); Iron Mountain &c. R. Co. v. Stansell, 43 Ark. 275; O'Brien v. Sexton, 140 Ill. 517 (30 N. E. 461).

3. Under the foregoing rulings, a contract between the plaintiff, a dentist, and the defendant, whereby the plaintiff undertook to straighten the teeth of the defendant's minor child for an agreed sum of $500, over a period of several years, was an entire and indivisible one (*Hunnicutt & Bellingrath Co. v. Van Hoose,* 111 Ga. 518, 36 S. E. 669), and the statute of limitations did not begin to run on such indebtedness until the expiration of the work. This is true although defendant agreed to pay this sum in named monthly installments, during the execution of the contract. *Freeman v. Campbell,* 22 Ga. 184; *Hill v. Balkcom,* 79 Ga. 444 (5 S. E. 200).

4. This case was tried before the judge without a jury. It appearing from the evidence that the suit was instituted within four years from the completion of the services contemplated by the contract, and that the amount sued for was due and payable, the judge did not err in rendering judgment in favor of the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*