36921. CLEVELAND *v.* SCHWAEMMLE.

DECIDED NOVEMBER 13, 1957—REHEARING DENIED DECEMBER 2, 1957.

*William F. Lozier, Poole, Pearce & Hall,* for plaintiff in error.
*W. S. Northcutt, Northcutt, Edwards & Johnston,* contra.
QUILLIAN, J. 1. Special grounds 1 and 2 of the amended mo-

726

tion for new trial assign as error the following charge: "Gentlemen, if you find this contract to be as contended by the plaintiff, and as expressed in his petition, as amended, then you should go no further, for in that event, the plaintiff would be entitled to recover the amount sued for, since the measures of recovery, if you find the contract to be as plaintiff contends it to be, are fixed by that contract, and the court and jury would be bound by the measure of damages plead, provided, you find that the plaintiff's version of the contract be correct, and you set it up as governing in this case."

The defendant testified that the plaintiff failed to complete house No. 3015 and he was forced to have the remaining work done himself.

The charge was error because it instructed the jury that if they found the contract to be as contended by the plaintiff then they should go no further, for in that event, the plaintiff would be entitled to recover the amount sued for. To entitle the plaintiff to a recovery under the contract it was also necessary that he prove that he had complied with its terms or had been prevented from doing so by the defendant. *Bennett* v. *Burkhalter*, 128 *Ga.* 154 (57 S. E. 231).

2. Special grounds 3 and 4 insist that the trial judge erred in instructing the jury that if they returned a verdict in favor of the plaintiff it would have to be for the entire amount he alleged was due.

The defendant insists that the judge should have instructed the jury that if they found for the plaintiff their verdict would be $625 for each house which had been completed pursuant to the contract. This contention is without merit because this was an entire contract for the construction of the four houses. *Broxton* v. *Nelson*, 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. R. 97); *Burns* v. *Mitchell*, 55 *Ga. App.* 862 (191 S. E. 870). "Where the plaintiff bases his right to recover upon an express contract, which is entire and indivisible, he cannot recover unless he has performed all his obligations under the contract. *Hill* v. *Balkcom*, 79 *Ga.* 444 (5 S. E. 200); *Parker* v. *Farlinger*, 122 *Ga.* 315 (50 S. E. 98); *Bennett* v. *Burkhalter*, 128 *Ga.* 154 (57 S. E. 231); *Broxton* v. *Nelson*, supra." *Dolan* v. *Lifsey*, 19 *Ga. App.* 518, 519 (5) (91 S. E. 913).

The plaintiff having sued on the express contract he was not entitled to recover unless he completed all four houses or was prevented from doing so by the defendant.

3. Special ground 5 complains of the judge's failure to charge: "That if they found the contract to be as contended by plaintiff ($625 per house plus one-half of the profits over and above the first $1,500 of profit on each house) the amount awarded to the plaintiff should be reduced by the amount of damages, if any, which defendant sustained, as shown by the evidence, by reason of plaintiff's failure to use customary materials and fixtures in constructing the houses, if the jury should find that there was a failure to use customary materials and fixtures."

The contract the plaintiff contends was entered into by the parties contains no requirements as to the type of materials to be used; therefore, if the jury found the contract to be as contended by the plaintiff there was no issue as to the type of materials used in the construction of the houses, and the above instructions were not appropriate.

While it is true that the defendant pleaded a recoupment, the basis of which was that the contract contained a provision as to the type materials to be used in the construction of the houses and that the plaintiff had not complied with the contract in this particular, and that as a result of this failure on the part of the plaintiff he had been damaged, a careful review of the record reveals that there was no evidence introduced that the above provision was agreed on by the parties. The allegation of the answer not being supported by evidence it presented no question for the jury's determination.

4. The general grounds of the motion for new trial, not being argued or insisted on in the plaintiff in error's brief, are treated as abandoned.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*