## 42833.   YEARGIN v. BRAMBLETT.

ARGUED JUNE 5, 1967—DECIDED JUNE 12, 1967.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellant.
*Walter H. Bolling,* for appellee.

HALL, Judge. The applicable statute of limitation is found in Ga. L. 1809 (*Code* § 3-706): "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued."

The plaintiff's contention that the statute of limitation did not begin to run except from the date of the last item of the account because it was a mutual account is refuted by *Code* § 3-707: "In order to make such a mutual account as will prevent the statute of limitations from beginning to run except from the date of the last item thereof, there shall be an indebtedness on both sides. Mere entries of credits of partial payments shall not be sufficient."

The plaintiff contends in substance that his claim grows out of an entire contract for continuous labor and services. *Code* § 20-112 provides that when there is an entire contract, the whole contract stands or falls together; and when there is a severable contract the failure of a distinct part does not void the remainder. "In determining whether the contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing—all as a whole—is of the essence of the contract. If it appears that the contract was to take the whole or none, then the contract would be entire." *Burns v. Mitchell,* 55 Ga. App. 862 (191 SE 870). The *Burns* case held that an express contract to pay a fee of $500 in named monthly installments to a dentist for services in straightening a child's teeth over a period of several years was an entire and indivisible one, and the statute of limitation did not begin to run until the work was completed.

In the present case there is no evidence of any contract that medical services or treatment was to be performed for the patient for any fixed period or for any definite amount of compensation or terms of payment. Nor do we see from the facts stipulated any implication of an arrangement between the physician and patient that could be considered an entire contract. From this record it appears that the account grew out of implied undertakings that amounted to a severable contract as defined by law. It follows that rights of action accrued and the statute of limi-

tation (*Code* § 3-706, supra) began to run as services were rendered and charges were made from time to time on the account. *Piedmont Life Ins. Co. v. Bell,* 103 Ga. App. 225, 235 (119 SE2d 63).

The case of *Neal v. Stapleton,* 203 Ga. 236 (46 SE2d 130), upon which the plaintiff relies, did not deal with the issue whether a contract was entire or severable, but with the interpretation of language providing a time when an attorney's fee would become due and when the statute of limitation, therefore, would begin to run.

The statutory provision applied in Thorpe v. Schoenbrun, 202 Pa. Super. 375 (195 A2d 870), that when services are rendered under an agreement which does not fix any certain time for payment or for the termination of the services the contract will be treated as continuous and the statute of limitation will not begin to run until the termination of the contractual relationship between the parties, does not exist in Georgia. Under Georgia law discussed above, the facts in this case did not demand a finding that the parties intended to enter into an entire contract or a ruling by the trial court that the statute of limitation began to run on the last date services were performed.

The trial court did not err in sustaining the defendant's motion and awarding the judgment for the plaintiff.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*