44230.   WILLIAMS v. CLAUSSEN-LAWRENCE
CONSTRUCTION COMPANY.

BELL, Presiding Judge.   Plaintiff entered into a written agreement with defendant to construct approximately 3,000 feet of two-foot curb and gutter at a price of $1.50 per linear foot, approximately 2,500 feet of two-foot drive-over curb at at $1.40 per linear foot and to lay two-inch asphalt paving at $1.25 per square yard.   The work was to be performed at two locations, in driveways at Carrington Woods Apart-

ments and in Cardinal Road in a subdivision under development by defendant. Payment was to be made "upon completion of job." Plaintiff brought this action as a suit on an account to recover $7,089.35 for construction of 2,104 feet of drive-over curb and laying 3,315 square yards of paving on Cardinal Road. The defense was that plaintiff has not completed the contract, the paving in the apartment driveways being defective because plaintiff laid less than the specified two inches of asphalt. Defendant took this appeal from the grant of summary judgment for plaintiff for the work performed on Cardinal Road. *Held:*

The allegations of the complaint and the demand for judgment were based on the prices stipulated in the written agreement and not upon the reasonable value of the services. Thus it was not brought on the theory of quantum meruit. The written agreement was not declared on and did not constitute the cause of action, but this was a suit on account based on a special agreement. See *Talbotton R. Co. v. Gibson,* 106 Ga. 229, 234 (32 SE 151). Notwithstanding it is a suit on account, rather than upon the contract, there can be no recovery based directly on the contract provisions for payment unless the plaintiff has complied with other provisions of the contract as conditions precedent to the right of payment. *Finn v. Carden,* 100 Ga. App. 270, 274 (110 SE2d 693).

In an indivisible contract the entire fulfillment of the promise by either, in the absence of any agreement to the contrary, or waiver, is a condition precedent to the fulfillment of any part of the promise by the other. *Code* § 20-112; *Dolan v. Lifsey,* 19 Ga. App. 518 (2) (91 SE 913). "In determining whether the contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing—all as a whole—is of the essence of the contract." *Burns v. Mitchell,* 55 Ga. App. 862 (191 SE 870). The contract here provided for payment only upon completion of the job, singular. Whenever there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire, and is not apportionable either at law or in equity. *Barnes v. Goodner,* 77 Ga. App. 448, 450 (49 SE2d 128). The contract between these parties was an entire one notwithstanding that it contemplated successive performances at two locations. *Broxton v. Nelson,* 103 Ga. 327, 330 (30 SE 38, 68 ASR 97); *Burns v. Mitchell,*

55 Ga. App. 862, 863, supra; *Cleveland v. Schwaemmle,* 96 Ga. App. 724, 726 (101 SE2d 611). Thus evidence of plaintiff's failure to perform by substantial compliance with the contract at the apartment project showed that plaintiff was not entitled to a summary judgment for the amount of the account, as based on the written agreement, representing the work done on Cardinal Road.

We do not decide that plaintiff cannot recover on the theory of quantum meruit for work performed on Cardinal Road if the evidence on trial of the case sustains the latter theory. See *Hirsch's v. Adams,* 117 Ga. App. 847, 848 (162 SE2d 243); *Ford v. Smith,* 23 Ga. 675, 679; *Sentell & Pursell v. Mitchell,* 28 Ga. 196, 199; *Dolan v. Lifsey,* 19 Ga. App. 518 (4), supra; *Collins v. Frazier,* 23 Ga. App. 236 (2) (98 SE 188). However a recovery in quantum meruit involves the question of the reasonable value of the services rendered and the prices contained in the express contract would not be binding. Value in its essence is exclusively a matter of opinion. *Hoard v. Wiley,* 113 Ga. App. 328, 331 (147 SE2d 782). Even if plaintiff had supported its motion by opinion evidence of value the summary judgment was not authorized. *Ginn v. Morgan,* 225 Ga. 192, 193 (167 SE2d 393).

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

ARGUED JANUARY 9, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 30, 1969.

*Joseph B. Duke,* for appellant.

*Robert H. Herndon, Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellee.