## 52124. PEMBROKE STEEL COMPANY v. TECHNICAL SALES ASSOCIATES.

McMurray, Judge.

This case involves alleged earned commissions by a manufacturers' representative in the procurement of purchase orders for structural steel components and other items manufactured. Technical Sales Associates, acting as a manufacturers' sales representative, sued Pembroke Steel Co. for breach of contract, a claim for quantum meruit and tortious breach of a confidential relationship. After extensive discovery, plaintiff moved for summary judgment, and the lower court granted the motion awarding plaintiff the sum of $9,752.07. Defendant appeals. *Held:*

1. The alleged agreement in this instance was verbal and an issue of fact exists as to the exact agreement by and between the parties. However, the court held that in this instance the mere existence of the agreement

was not essential to recovery due to the suit for quantum meruit since the law creates an obligation to pay when one performs services for another which are accepted. See Code § 3-107 which creates an implication (presumption) that there was an obligation on the part of the defendant to pay the reasonable value of the services rendered.

2. However, a recovery on quantum meruit may not be obtained where the services are rendered with no anticipation that compensation is to be received. See *Addison v. Southern R. Co.,* 108 Ga. App. 314 (132 SE2d 833). Where quantum meruit is involved the word value means value to the owner rather than the cost of producing the work to the workmen. A jury question thus remains as to whether the owner has in fact been benefited by the work and if so to what extent. See *Brumby v. Smith & Plaster Co. of Ga.,* 123 Ga. App. 443 (1) (181 SE2d 303).

3. Value of services rendered in essence is exclusively a matter for jury determination. *Hoard v. Wiley,* 113 Ga. App. 328, 331 (147 SE2d 782); *Williams v. Claussen-Lawrence Const. Co.,* 120 Ga. App. 190, 192 (169 SE2d 692).

4. While there was evidence here that generally in the trade (manufacturers' representatives) a five percent commission is paid, a jury might consider the question of value (which is a matter of opinion) and reach an entirely different verdict from consideration of the same evidence by experts. It was therefore error to grant summary judgment as to the value of services rendered in this instance to the defendant. See *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393); *Marshall v. Bahnsen,* 1 Ga. App. 485 (1) (57 SE 1006); *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395).

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 21, 1976.

*Kenneth S. McBurnett,* for appellant.
*Hunter, Houlihan, Maclean, Exley, Dunn &*

*Connerat, Charles A. Edwards,* for appellee.