## 60490. STOLZ v. KOPP et al.

DEEN, Chief Judge.

Appellant Stolz entered into a sales contract with Kopp and Kopper Realty Corp. for the purchase of a lot and the construction of a home for $58,500 and paid Kopper Realty $1,000 as earnest money. Before construction was completed, appellant decided that the plans he had agreed upon were not being followed and walked away from the contract after Kopp refused to make certain desired changes. After Stolz requested the return of his earnest money from Kopper Realty and the request was refused, he filed suit seeking its recovery. Appellees answered, admitted receiving the earnest money, and alleged that they had incurred expenses in the amount of $1,060 to reverse the modifications requested by the appellant. The case came on for trial before a judge sitting without a jury. He found that Stolz was entitled to the return of his earnest money because the contract could not legally stand. Kopp testified that when he signed the contract he did not own the property personally, that the entity

purporting to be "Kopper Realty Corp.," a licensed "broker" was not a licensed broker in this state and could not accept earnest money, and that a "Construction Agreement" signed by "Gerald A. Kopp" and incorporated by reference into the sales agreement and purported to be a contract of "Koppar Corporation" was never signed by an agent of "Koppar Construction." The court further found that Kopp established through oral testimony that he, as the builder, had incurred expenses in the amount of $1,060, to reverse the modifications requested by Stolz. The court concluded that no sales contract or construction agreement legally existed as the "seller" did not own the property and the "broker" was not licensed, and that Stolz was therefore entitled to the return of his earnest money. It was also found, over the timely objection of appellant, that the defendants had incurred expenses in the amount of $1,000 and were entitled to recover this amount under the theory of quantum meruit. Stolz contends that the trial court erred in that portion of the judgment which awarded the appellees $1,000 and in denying his motion for a new trial. *Held:*

Code Ann. § 3-107 provides in part: "Ordinarily, when one renders services or transfers property valuable to another, *which the latter accepts,* a promise is implied to pay the reasonable value thereof. . ." (Emphasis supplied.) "Where quantum meruit is involved the word value means value to the owner rather than the cost of producing the work to the workmen." *Pembroke Steel Co. v. Technical Sales Assoc.,* 138 Ga. App. 744, 745 (227 SE2d 491) (1976).

The record in this case shows that appellant never accepted the work and that he was never the owner of the property. Indeed, the record does not show that appellee incurred any damages because of the changes it made after appellant repudiated the contract; the house was sold to a third party for $62,000 one week after construction was completed.

Thus, the trial court erred in awarding the appellees $1,000 in expenses under the theory of quantum meruit. "[W]here a judgment excepted to is erroneous in part and can be segregated so that the legal part can be separated from the illegal, it is not necessary to set aside the entire judgment, but only that portion that is erroneous. [Cits.]" *Dept. of Transp. v. Kendricks,* 148 Ga. App. 242, 249 (250 SE2d 854) (1978). Accordingly, that portion of the judgment which is enumerated as error on appeal is reversed with direction that the lower court strike from its final order the award of $1,000 to appellees.

*Reversed with direction. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1980 — DECIDED OCTOBER 21, 1980.

*Jay W. Bouldin,* for appellant.
*Donald O. Nelson,* for appellees.