64037. ATLANTA PROFESSIONAL ASSOCIATION FOR THORACIC AND CARDIOVASCULAR SURGERY, P. C. v. ALLEN.

CARLEY, Judge.

On April 30, 1981, appellant-plaintiff brought this action on open account against appellee as administratrix of the estate of Allie T. Roebuck, deceased. The complaint sought recovery in the amount of $2,025.00 for medical services allegedly rendered to the deceased from October 7, 1975 to February 3, 1976, the date of Roebuck's death. Appellee answered, denying the material allegations of the complaint and raising the affirmative defense of the statute of limitations. After discovery, appellee, relying upon the pleadings, moved for partial summary judgment on the grounds that the portion of appellant's claim based upon medical services rendered and charged to the deceased's account on or prior to October 16, 1975, was barred by the statute of limitations. A hearing was held on the motion, at which time argument and briefs of counsel representing both parties were presented to the trial court. The matter was taken under advisement and, subsequently, the trial court issued an order granting partial summary judgment in favor of appellee. Appellant appeals from this order pursuant to Code Ann. § 81A-156 (h).

1. The main issue on appeal relates to the propriety of the trial court's determination that, as a matter of law, the portion of the appellant's claim predicated upon services rendered to the deceased on or prior to October 16, 1975, is barred by the statute of limitations. The following pertinent matters are undisputed: Mr. Roebuck was treated by appellant for certain medical reasons from October 7, 1975 until his death on February 3, 1976. His estate was unrepresented from February 3, 1976, until the appointment of appellee as administratrix thereof on February 16, 1977. Accordingly, the four-year statute of limitations applicable to the instant action (Code Ann. § 3-706) was tolled for a period of one year, six months and

thirteen days pursuant to Code Ann. §§ 3-804 and 113-1526. The complaint was filed on April 30, 1981. Under these aforestated uncontested facts, it is readily apparent, as conceded by appellant, that, in order for its complaint to have been timely filed, the underlying cause of action must have arisen on or after October 17, 1975.

We do not have a transcript of the hearing held on appellee's motion. However, the record demonstrates that appellee relied upon the pleadings and *Yeargin v. Bramblett,* 115 Ga. App. 862 (156 SE2d 97) (1967) to support her contentions that the agreement between appellant and the deceased was a severable contract and that, as such, appellant's causes of action accrued as the medical services were rendered and the corresponding charges were entered from time to time on the deceased's account. Thus, appellee argued that suit on appellant's claim for services rendered to the deceased on or before October 16, 1975 not having been filed within five years, six months and thirteen days of the accrual of its right of action, was barred by the statute of limitations.

Appellant, on the other hand, contended that the parties had an entire contract and that the statute of limitations did not begin to run until February 3, 1976, when all medical services were completed. In support of its position, appellant submitted to the court the affidavit of its financial manager. The substance of this affidavit is as follows: From October 1975 until his death on February 3, 1976, the deceased was treated on a continuing basis by appellant solely for the illness of throat cancer. The deceased and appellant had a definite agreement as to when and how payments would be made for the treatment of his illness. Specifically, it was agreed that the deceased was not to make any payments until the completion of all treatment. Any statements issued to the deceased prior to February of 1976 were not for billing purposes but were sent to apprise the deceased of the services performed and the cost for each such service so as to provide him with an idea as to the approximate total charges upon the completion of the services.

In *Yeargin v. Bramblett,* 115 Ga. App. 862 supra, this court stated: "*In the absence of evidence* that an account for medical services rendered from time to time over a four-year period in the care and treatment of a patient's chronic diseases arose from an entire contract, such account arose from a severable contract..." (Emphasis supplied.) In the case at bar, the affidavit of appellant's financial manager clearly presents evidence that the deceased's account "arose from an entire contract." Moreover, in *Yeargin* the defendant was treated for a period of more than four years for a variety of illnesses including high blood pressure, diabetes and cerebral thrombosis.

Evidence in the instant case shows the deceased was treated for a single illness over a period of only four months. Accordingly, *Yeargin* is distinguishable and is not dispositive of the issues presently before the court.

Appellee contends that the affidavit of appellant's financial manager could not have been properly considered by the trial court because it was not timely filed or served upon appellee. A certificate of service in the record indicates that the affidavit was served on appellee by mail on September 30, 1981, five days prior to the hearing. Accordingly, it was timely served. See *Gross v. Pyrofax Gas Corp.*, 151 Ga. App. 130 (259 SE2d 137) (1979). The affidavit shows on its face that it was filed on October 5, 1981, the date of the hearing on appellee's motion. "The trial court, in its discretion, can consider an affidavit filed on the day of the hearing. [Cits.]" *Leagan v. Levine,* 158 Ga. App. 293, 294 (279 SE2d 741) (1981). See Code Ann. § 81A-106 (d). The record in this case does not reveal that appellee made any objection in the trial court to the service or timeliness of the affidavit. While the trial court's order dated December 31, 1981, does not specifically indicate that it considered the affidavit in question, the order does state that the trial court considered appellant's brief. The brief was filed on the same date as the affidavit and relies upon matters stated in the affidavit as the basis for the arguments asserted therein. Under these circumstances and in absence of evidence to the contrary, we assume that the trial court exercised its discretion and considered the affidavit of appellant's financial manager. "No affirmative writing in the record is necessary for this court to assume that the trial court exercised its discretion. . ." *Leagan v. Levine,* 158 Ga. App. at 295, supra.

Code Ann. § 20-112, which deals with the subject matter of entire and severable contracts, provides that "the character of the contract. . . is determined by the intent of the parties." When the affidavit of appellant's financial manager is viewed in the light most favorable to appellant — as it must be under the procedural posture of this case — there arise genuine issues of material fact as to whether the agreement between appellant and the deceased was an entire or severable contract. See generally *Neal v. Stapleton,* 203 Ga. 236, 244 (3) (46 SE2d 130) (1948); *City of Summerville v. Sellers,* 94 Ga. App. 152, 162 (13) (94 SE2d 69) (1956); *Burns v. Mitchell,* 55 Ga. App. 862 (191 SE 870) (1937). The existence of this factual question precludes a determination, as a matter of law, that appellant's claim predicated on services rendered to the deceased on or before October 16, 1975, is barred by the statute of limitations. Accordingly, the trial court erred in granting appellee's motion for partial summary judgment. *Turner v. Clark & Clark* 158 Ga. App. 79, 84 (279 SE2d 323) (1981).

2. In view of our reversal of the judgment of the trial court, appellee's motion for damages under Code Ann. § 6-1801 is denied.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Michael Terrell,* for appellant.
*Clifford H. Hardwick,* for appellee.