A91A1825. MEDICAL DOCTOR ASSOCIATES, INC. v. LAB-QUIP COMPANY.

(412 SE2d 625)

McMURRAY, Presiding Judge.

Lab-Quip Company (plaintiff) brought an action against Medical Doctor Associates, Inc. (defendant) and alleged that defendant failed to make monthly rental payments in the amount of $2,500 under terms of an equipment lease agreement entered into between the parties. Defendant admitted that it entered into a lease agreement for medical equipment with plaintiff, but alleged that it was not responsible for payments under the lease agreement because the equipment never "functioned properly nor has it been used commercially by the Defendant." Defendant counterclaimed for return of a $10,000 down payment.

A bench trial was conducted and the trial court entered, in pertinent part, the following order: "Plaintiff . . . and Defendant . . . entered into a six-month minimum rental contract with monthly rental of $2,250.00 for medical instruments, to wit: (a) Coulter S7-120; (b) NOVA IV; (c) Roche Cobas Bio; and (d) MLA 600. . . . Pursuant to the rental contract, Defendant . . . paid an initial $10,000.00 to Plaintiff . . . which was refundable to Defendant if Defendant optioned to purchase the instruments. . . . Defendant . . . did not exercise its option to purchase the instruments and is not due any return of the $10,000. . . . The actions of the parties and the terms of the rental contract evidence . . . that this was a severable contract. . . . The rental contract was legally modified to exclude the MLA 600 and the monthly rental was reduced to $2000.00. . . . [T]he Coulter S7-120, NOVA IV, and Roche Cobas Bio instruments functioned in compliance with the rental contract obligations. . . . Defendant . . . has not

carried its burden of proof with regard to its asserted affirmative defenses of accord and satisfaction and failure of consideration. . . . Defendant . . . withheld the contracted instruments (Coulter S7-120, NOVA IV, and Roche Cobas Bio) from Plaintiff for ten (10) months without making any monthly payments to Plaintiff. . . . Defendant . . . did not return the pneumatic glassware for the Coulter S7-120. The reasonable replacement cost for used glassware is $2,500.00. . . . The electrodes for the NOVA IV needed replacement at a cost of $1,448.00. . . . Plaintiff's damages pursuant to the rental contract provisions are $24,199.76. . . . [A] bona fide controversy existed between the parties, and there is no evidence of bad faith or stubborn litigiousness or unnecessary trouble and expense. Therefore, the Court **DENIES** Plaintiff's prayer for attorney's fees pursuant to O.C.G.A. § 13-6-11.

"IT IS HEREBY ORDERED AND ADJUDGED:

"1. That Plaintiff shall have judgment against the Defendant in the total amount of $24,199.76, plus $37.00 court costs. Such sum was calculated in the following manner: (a) Non-payment by Defendant . . . of ten months rental at $2,000.00 per month = $20,000.00 . . . . (b) Replacement by Plaintiff of Coulter pneumatic pump not returned by Defendant . . . = $2,500.00. (c) Electrode replacement on NOVA IV = $1,448.00. . . . (d) Freight on Coulter S7-120 = $231.82. . . . (e) Freight on NOVA IV and Roche Cobas Bio = $269.94. . . .

"2. That Defendant shall take nothing on its counterclaim." This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In the first two enumerations, defendant contends the trial court erred in finding the lease contract severable and in finding the lease agreement, "legally modified."

(a) " 'The issue of the severability of a contract is determined by the intention of the parties, as evidenced by the terms of the contract. Code Ann. § 20-112 [now OCGA § 13-1-8]; *Spalding County v. Chamberlin & Co.*, 130 Ga. 649, 654 (61 SE 533) (1908).' *Dozier v. Shirley*, 240 Ga. 17, 18 (239 SE2d 343) (1977). 'If it appears that the contract was to take the whole or none, then the contract would be entire. Clark, Con. 657.' *Broxton v. Nelson*, 103 Ga. 327, 331 (30 SE 38) (1897); *Dolan v. Lifsey*, 19 Ga. App. 518, 519 (91 SE 913) (1917)." *Horne v. Drachman*, 247 Ga. 802, 804 (2), 805 (280 SE2d 338). "Whenever there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire, and is not apportionable either at law or in equity. *Barnes v. Goodner*, 77 Ga. App. 448, 450 (49 SE2d 128)." *Williams v. Claussen-Lawrence Constr. Co.*, 120 Ga. App. 190, 191 (169 SE2d 692).

In the case sub judice, the lease agreement provides a lump sum monthly rental rate of $2,250 for all laboratory "systems" provided.

The contract does not segregate the equipment, nor does it assign a monthly rental value for each system. Moreover, the lease designates a singular sale price of $52,500 for the laboratory equipment, i.e., "one each Roche Cobas Bio, Coulter S7-120, MLA 600, and NOVA IV." These clear and unambiguous terms reveal that the lease contract is entire and not severable. Consequently, the trial court erred in finding that "the terms of the rental contract evidence . . . that this was a severable contract. . . ." However, this error is harmless as there was evidence to support the trial court's finding that the lease agreement was "legally modified."

(b) Mutual modification of an indivisible contract may compensate for failed consideration. Further, "[a]n oral modification of a preexisting contract need not be expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract. *Ryder Truck Lines v. Scott*, 129 Ga. App. 871, 873-874 (4) (201 SE2d 672) (1973)." *Dan Gurney Indus. v. Southeastern Wheels*, 168 Ga. App. 504, 505 (1) (308 SE2d 637).

In the case sub judice, the owner of the defendant corporation, Alan Ott, testified that he "discussed the malfunction or the failure of the M.L.A. [600 with the president of the plaintiff corporation, Kenneth Marshall Shumard,] and . . . agreed to return the M.L.A. and drop that part of the contract." Ott further testified that he and Shumard agreed "to reduce the payments on the lease from $2,250.00 to $2,000.00 a month because of the M.L.A. [malfunction]." This evidence supports the trial court's finding that the parties "legally modified [the rental agreement] to exclude the MLA 600 and [reduce] the monthly rental . . . to $2000.00." Consequently, these enumerations present no basis for reversal. See *Dan Gurney Indus. v. Southeastern Wheels*, 168 Ga. App. 504, 505 (1), supra.

2. In its third and fourth enumerations, defendant challenges the trial court's finding that "the Coulter S7-120 . . . and Roche Cobas Bio instruments functioned in compliance with the rental contract obligations."

" 'This court has held that the "any evidence" rule applies to a judge sitting without a jury, and his judgment will not be disturbed if there is any evidence in the record to sustain it.' *McDaniel Printing Co. v. Ben Meadows Co.*, 144 Ga. App. 419, 420 (241 SE2d 58) (1977)." *McGhee v. Starr*, 154 Ga. App. 450 (268 SE2d 690). In the case sub judice, there is evidence that plaintiff accepted delivery of the Coulter S7-120 and Roche Cobas Bio instruments on October 26, 1988. This evidence and evidence that defendant possessed the Coulter S7-120 and Roche Cobas Bio instruments for more than 30 days after delivery without complaint is sufficient to sustain the trial court's finding that "the Coulter S7-120 . . . and Roche Cobas Bio instruments functioned in compliance with the rental contract obliga-

tions." These enumerations are without merit.

3. Finally, defendant contends the trial court erred in failing to enter judgment on its counterclaim for return of the $10,000 down payment.

"Under Code Ann. § 20-701 (now OCGA § 13-2-1), the construction of a contract is a question of law for the court. Where the contract is unambiguous, it is the duty of the court to construe it, and in so doing, the court must put a fair and reasonable construction thereon. *Whitney v. Hagan*, 65 Ga. App. 849 (16 SE2d 779) (1941); *Holcomb v. Word*, 239 Ga. 847 (238 SE2d 915) (1977)." *Smiths' Properties v. RTM Enterprises*, 160 Ga. App. 102, 103 (2) (286 SE2d 334).

In the case sub judice, the lease agreement provides for a down payment of $10,000 and that the "[r]ental agreement will be cancelled and all monies returned to Customer if successful leasing arrangements are finalized and Lab-Quip receives payment in full from leasing organization or Customer ($52,500)." These provisions authorize the trial court's finding that return of the $10,000 down payment was an inducement (consideration) for defendant to exercise an option to continue renting the equipment after the six-month mandatory lease period. Consequently, since there was evidence that defendant failed to exercise the option as prescribed by the lease agreement, there is no basis for return of the $10,000 down payment to defendant. The trial court did not err in failing to award damages under defendant's counterclaim.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1991.

*Fred L. Cavalli*, for appellant.
*Nadler, Beskin & Scott, Gary M. Nadler*, for appellee.